STATE OF NORTH CAROLINA v. JOSEPH D. WALKER

No. 815SC487

(Filed 17 November 1981)

**1. Criminal Law § 66.6 — lineup identification and in-court identification — properly admitted**

The trial court properly concluded that the out-of-court line-up identification of defendant was not based on suggestive procedures likely to lead to misidentification and that the in-court identification of defendant was of independent origin where five middle aged, white males wearing glasses were selected and included in a lineup with defendant, which was conducted even though defendant had dyed his hair, grown a beard and changed his glasses, and where two witnesses to the robbery identified defendant after observing him for periods of up to eight minutes under good lighting conditions at the time of the robbery.

**2. Criminal Law §§ 85.2, 169.3 — character witness — questions concerning defendant's acts of misconduct — error — cured by subsequent testimony**

It was error to allow the district attorney to inquire of defendant's character witness on cross-examination whether the witness knew that defendant was on parole for armed robbery as it related to a specific act of misconduct; however, the error was cured by the subsequent testimony of other witnesses for defendant.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 17 December 1980 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 21 October 1981.

Defendant was indicted for and convicted of armed robbery. The State presented evidence which tended to show that at approximately 9:00 o'clock p.m. on 26 September 1980, Mrs. Virginia Falls was working at the Kayo Gas Station in Castle Hayne, a suburb of Wilmington. Defendant came into the Kayo Station and asked Mrs. Falls for some cigarettes. Defendant paid for the cigarettes and also purchased a lighter. Mrs. Falls turned away from defendant and when she turned around again, defendant had a pocketknife in his hand. The pocketknife had a blade two and one-half to three inches long. Defendant told Mrs. Falls to give him the money in the cash register and pointed the knife at her. Mrs. Falls was approximately three feet away from defendant and was afraid defendant would hurt her. She gave defendant all the money from the cash register, approximately $258.00 to $358.00. Defendant stayed in the gas station for approximately eight

minutes. During this time the station was lighted on the outside as well as the inside. While defendant was in the station a Mr. Douglas Pope came into the Station to pay for some gas. Mrs. Falls got behind Mr. Pope and told Mr. Pope that defendant was robbing her. Defendant then turned around with the pocketknife in his hand and said that he did not want to take the money but he was having problems. Defendant then went outside of the gas station, untied a dog which was outside and walked away toward Wrightsboro. From judgment and commitment entered on the verdict, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Arnold Smith, for defendant-appellant.*

WELLS, Judge.

[1] Defendant brings forward assignments of error relating to the admission of *voir dire* testimony on photographic identification, to the admission of photographic line-up evidence, and to the admission of testimony regarding defendant's prior criminal record. We find no error in the trial.

Defendant's first assignments of error relate to the trial court's ruling on his motion to suppress the pre-trial identification of defendant by Virginia Falls and Douglas Pope. At the *voir dire* hearing on defendant's motion, the trial court heard the testimony of Mrs. Falls, the victim of the robbery, Mr. Pope, an eyewitness to the robbery, and Officers Evans and Stinson of the New Hanover County Sheriff's Department who prepared and conducted a photographic and actual line-up of possible suspects in the robbery. Following the hearing, the trial court entered findings of fact and conclusions of law and denied the motion. The pertinent portions of the trial court's ruling are as follows:

"[T]hat this hearing was held in the absence of the jury; that the Court has had the opportunity to see and observe each of the witnesses to determine what weight and credibility to give each witness's testimony; that in addition to the facts heretofore found by the Court in a related suppression hearing in this case, which are incorporated herein by reference thereto, the Court further finds as a fact that Det. Stinson

pursuant to Motion of the Defendant, Joseph Walker, through his then attorney Mrs. Charleene Wilson, prepared a lineup having first gone through photographs of all prisoners with the general appearance of being middle aged, white males wearing glasses; that five of such individuals were selected and included in a lineup with the Defendant, which was then conducted even though the Defendant had dyed his hair, grew a beard, and changed his glasses; that on October 29th of 1980, Virginia Falls and Douglas Pope attended this lineup and each identified the Defendant, Joseph Walker, as being Number Five in the lineup; that the observations were made through a one-way mirror at the same time with the consent of the Defendant's attorney. Mr. Pope and Mrs. Falls each having said that the man numbered five was the person that robbed the Kayo Station in Castle Hayne and the same person as each identified in the Courtroom as the Defendant, Joseph Walker.

That upon the foregoing findings of fact the Court concludes as a matter of law that the pre-trial identification procedure involving the Defendant was not so unnecessarily suggestive and conductive to irreparable mistake in identification as to violate the Defendant's rights to due process of law and the Court rules that the in-court identification by Mrs. Virginia Falls and Mr. Douglas Pope is of independent origin based solely upon what the witnesses saw at the time of the robbery of the Kayo Service Station in Castle Hayne at about 9:00 p.m. on September 26th, 1980 and is not tainted by any pre-trial identification procedure so unnecessarily suggestive and conductive to irreparable mistake in identification to constitute a denial of due process of law."

The trial court's findings of fact are supported by the evidence and are therefore binding on us. *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1973). We hold that under the circumstances reflected in the trial court's findings of fact, the trial court properly concluded that the out-of-court identification of defendant was not based on suggestive procedures likely to lead to misidentification and that the in-court identification of defendant was of independent origin. *Tuggle*, supra. These assignments are overruled.

[2]　Defendant also assigns as error the trial court's allowing the district attorney, over defendant's objection, to inquire on cross-examination of defendant's character witness Sanders whether the witness knew that defendant was on parole for armed robbery. The general rule in North Carolina is that a character witness may be cross-examined as to the general reputation of the defendant as to particular vices or virtues, but not as to specific acts of misconduct. *State v. Chapman*, 294 N.C. 407, 241 S.E. 2d 667 (1978). The State argues that if there was error in the question in this case, it was harmless error. We do not agree. The prosecutor's error in asking the question and the trial court's error in allowing it were cured, however, by the subsequent testimony of other witnesses for the defendant. Eula Dudney, a defense witness, testified on direct examination that she had previously employed defendant in her business and that at that time, she knew defendant "had a criminal record for armed robbery and that he was on parole". Steve Clemmons, a defense witness, testified on direct examination that he was a Probation-Parole Officer, that defendant was under his supervision, and that defendant was on parole for robbery with a firearm, carrying a concealed weapon, felonious escape, auto larceny, and larceny of property of a value less than $200.00. Defendant, testifying in his own behalf, testified on direct examination that he was on parole "for Armed Robbery from Forsyth County and for Escape," that he had pled guilty to the armed robbery charge in Forsyth County; and that prior to the armed robbery charge, he had been convicted of auto theft in the Federal Court. By testifying as to the Forsyth County conviction and his subsequent parole and other similar specific acts of misconduct on his part, defendant waived his objection to the inadmissible testimony from the witness Sanders. *State v. Wills*, 293 N.C. 546, 240 S.E. 2d 328 (1977). This assignment is overruled.

No error.

Judges MARTIN (Robert M.) and WEBB concur.