STATE OF NORTH CAROLINA v. LEBURN HOYT LANG

No. 8128SC1242

(Filed 6 July 1982)

**1. Kidnapping § 1.3— necessity for instruction on false imprisonment**

In a prosecution for kidnapping "for the purpose of facilitating the commission of a felony, assault with the intent to commit rape," the trial court erred in failing to submit to the jury the lesser included offense of false imprisonment where the evidence tended to show that, during the more than an hour that the prosecutrix was in defendant's presence, defendant ordered her to remove her clothes and fondled her but at no time stated that he wanted to have sexual intercourse with her, since the jury could have found that defendant restrained, confined or removed the prosecutrix for the purpose of fondling her and not for the purpose of facilitating the commission of assault with intent to commit rape.

**2. Criminal Law § 73— time of store closing—time-lock device—coded disk—testimony not hearsay**

A witness's testimony as to the time a store closed based upon his reading of a coded disk from an automatic time-lock device attached to the door of the store did not violate the hearsay rule or the rule requiring first-hand knowledge and was properly admitted.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 9 April 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 4 May 1982.

The defendant, Leburn Hoyt Lang, was indicted for kidnapping and assault with intent to commit rape. He was convicted of kidnapping and assault on a female, and was given an active fifteen-year prison sentence.

*Attorney General Edmisten, by Associate Attorney K. Michele Allison, and Special Deputy Attorney General Charles J. Murray, for the State.*

*Tharrington, Smith & Hargrove, by Roger W. Smith and Wade M. Smith, for defendant appellant.*

BECTON, Judge.

The defendant raises two issues on appeal: (1) whether the trial court, in its instructions on kidnapping, should have submitted to the jury the lesser included offense of false imprisonment; and (2) whether the trial court should have allowed a witness to testify to the time a store closed based upon the witness' reading of a coded disk from an automatic time-lock device. For the reasons that follow, we believe the defendant is entitled to a new trial.

I

[1] The crime of false imprisonment is a lesser included offense of the crime of kidnapping. *State v. Bynum,* 282 N.C. 552, 193 S.E. 2d 725, *cert. denied* 414 U.S. 839, 38 L.Ed. 2d 116, 94 S.Ct. 182 (1973). When there is evidence of guilt of a lesser offense, a defendant is entitled to have the trial court instruct the jury with respect to that lesser included offense even though the defendant makes no request for such an instruction. *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970). Moreover, when the trial court is required to instruct on a lesser offense, and fails to do so, the error is not cured by a verdict finding the defendant guilty of the offense charged. *State v. Thacker,* 281 N.C. 447, 189 S.E. 2d 145 (1972).

So, whether a defendant who confines, restrains, or removes another is guilty of kidnapping or false imprisonment, depends

State v. Lang

upon whether the act was committed to accomplish one of the purposes enumerated in our kidnapping statute. Our kidnapping statute, G.S. 14-39, provides, in pertinent part, that:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint, or removal is for the purpose of:

. . . .

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; . . .

In this case, the defendant was charged with, and the State sought to show that the kidnapping was "for the purpose of facilitating the commission of a felony, assault with the intent to commit rape." We must determine if there was evidence from which the jury could have concluded that the defendant, although restraining, confining and removing the victim, kidnapped the victim for some purpose other than assaulting her with the intent to commit rape.

The prosecuting witness testified that the defendant, at gun point, forced her into his car and drove around for thirty minutes before stopping at a dark location and ordering her to remove her clothes. She testified:

When we stopped, he was beginning to tell me to take my clothes off when I saw a guy riding a bicycle, and so I looked over and saw the guy, and he saw the guy, too, so we started back up the car.

After driving for about twenty minutes and then stopping in an isolated area, the defendant ordered the prosecuting witness to take her clothes off.

When I got my clothes off, he started feeling around for about five minutes. He put his finger in my vagina. And then he started feeling my breast, where I started crying and told him that I had had open heart surgery. . . . He felt in the area of the scar. At that point I started crying.

... He told me to put my pants back on, but to leave my bra and shirt off. I did that. He started up the car and we started driving around again. . . .

While the defendant was driving this time he was also fondling the prosecuting witness' breasts with his right hand. "After this third drive, he stopped at the K-Mart Tire Store on Tunnel Road . . . " and told her to put her shirt and bra on. The defendant then walked around to the passenger side and let the prosecuting witness out.

The jury may have viewed as significant the prosecuting witness' testimony that during the more than an hour she was in the defendant's presence the defendant gave her instructions to get in the car, "keep [her] head down on [her] knees and don't raise it," take her clothes off and put her clothes on, but never stated that he wanted to have sexual intercourse with her. That statement of intent was deemed significant by our courts in *State v. Allen,* 297 N.C. 429, 255 S.E. 2d 362 (1979) and *State v. Bradshaw,* 27 N.C. App. 485, 219 S.E. 2d 561 (1975), *disc. review denied* 289 N.C. 299, 222 S.E. 2d 699 (1976).

From the evidence in this case, the jury could have concluded that defendant restrained, confined and removed the prosecuting witness for the purpose of fondling her — not for a felonious purpose. Indeed, the jury in the consolidated case, assault with intent to commit rape, found the defendant guilty only of the lesser included offense of assault on a female. Simply put, the law does not point inexorably and unerringly to defendant's guilt or innocence of the offense of kidnapping, since the jury could reasonably conclude that defendant did not intend to gratify his passion on the prosecuting witness notwithstanding any resistance on her part.

Since defendant was charged with kidnapping "for the purpose of facilitating the commission of a felony, assault with the intent to commit rape," we review the relevant case law relating to the felony of assault with intent to commit rape. In *State v. Little,* 51 N.C. App. 64, 275 S.E. 2d 249 (1981), the victim, who had just come out of the shower, found an assailant in her house who was armed with a knife. Although the assailant did not state any specific sexual intention, he threatened to hurt the victim, told her to get back to the bed, and asked her whether she wanted to

pay for it. When the assailant lifted the towel that covered her body, the victim screamed. The assailant dropped the knife and ran. The *Little* Court said:

> This evidence would permit the jury to find that, at the time defendant committed the assault, he did not intend to satisfy his lust, if he encountered any significant resistance, and thus reject the State's argument that he intended to carry out the act at all events and notwithstanding any resistance he might encounter.

52 N.C. App. at 70, 275 S.E. 2d at 253.

Similarly, in *State v. Gammons*, 260 N.C. 753, 133 S.E. 2d 649 (1963), a preacher lured the prosecutrix into his basement on a religious pretext, told her that she could be healed by having sexual relations with him, and put his hands up her dress and tried to pull her underclothes down even though she had responded " 'No, I don't believe in no such mess as that'." 260 N.C. at 755, 133 S.E. 2d at 651. The prosecutrix began to cry when the preacher's body touched hers. She told him she was going to scream if he did not let her go. The preacher finally desisted. Upon these facts, our Supreme Court held that the evidence was insufficient to convict the defendant of assault with intent to commit rape.

The evidence of assault with intent to commit rape was much more overwhelming in *State v. Banks*, 295 N.C. 399, 245 S.E. 2d 743 (1978), than in the case at bar.

> In *Banks*, defendant burst into the lobby of a women's restroom where the prosecutrix was reading. He pushed her against the wall and started to kiss her. When she attempted to escape, defendant, at knife point, forced her to enter a stall, disrobe, sit on the commode and prop her feet against the walls of the stall. He then rubbed his genitalia against hers and thereafter forced her to perform oral sex. The court held the evidence to be sufficient to take the case to the jury on the charge of assault with intent to commit rape but ordered a new trial because the judge failed to submit the lesser included offense of assault on a female.

*State v. Little*, 52 N.C. App. at 71, 275 S.E. 2d at 253.

In the case at bar, the evidence was undoubtedly sufficient to convict defendant of kidnapping for the purpose of facilitating the commission of assault with the intent to commit rape. That, however, is not the issue. The issue is whether there was any evidence from which the jury could conclude that the defendant restrained, confined or removed the prosecutrix for the purpose of fondling her and not "to gratify his passion on [her], at all events, and notwithstanding any resistance on her part. . . ." *Id.* at 68, 275 S.E. 2d at 252.

For failure of the court to instruct on a lesser included offense of false imprisonment, defendant is entitled to a new trial. Because the evidence concerning the coded disk may be elicited at the retrial, we discuss defendant's second assignment of error.

## II

[2]   The prosecuting witness testified that she left the Asheville Mall when Brooks Fashions Store (Brooks) closed around 9:20 p.m. and was accosted in the parking lot between 9:25 and 9:35 p.m. The State also offered the testimony of two other witnesses concerning the time Brooks closed. Bonnie Arndt, one of Brooks' employees, testified that a time-lock device is attached to the store's door which records, in code, the time of day that the door is locked and unlocked. This coded recording is in the form of marks on a removable paper disk which is mailed at the end of each week to Phelps Time Lock Service in Maryland where it is decoded. Patrick Murtaugh, general manager of Phelps Time Lock Service explained the coding procedure and testified that he received and decoded a disk from Brooks for the week of 4 October 1978. Murtaugh also made written computations of the closing times which were later typed and sent to Brooks. Over objection, Murtaugh testified that the disk revealed that Brooks locked its door at 9:39 p.m. on 4 October 1978. Over objection, State's Exhibit No. 2, the original decoding sheet for Brooks, which contained an entry for 4 October 1978, was admitted into evidence.

Although arguing that the admission of Murtaugh's testimony and State's Exhibit No. 2 violates the hearsay rule *and* the rule requiring first-hand knowledge, defendant couches his second assignment of error in language that suggests the evidence should have been excluded for lack of a proper foundation. Defendant styles his argument thusly: "May a witness

testify to the time of a store's closing, based upon his reading of a coded disk from an automatic time-lock device, when there is no evidence that the disk was properly installed and removed and no evidence that the device's lock mechanism was accurate?"

We are cognizant of the distinction between the hearsay rule and the rule requiring first-hand knowledge. *See* McCormick, Evidence 2d Hearsay, § 247 (1972). What the automatic time-lock device revealed is not an "assertion of [a] person, other than that of the witness himself in his present testimony, . . . offered to prove the truth of the matter asserted . . . ;" 1 Stansbury, North Carolina Evidence, § 138 (Brandis rev., 1973); consequently, it was not hearsay. Moreover, just as "[m]echanical and electronic devices for measuring the speed of vehicles are in common use in the State, and the readings of such instruments are admissible when a proper foundation is laid," 1 Stansbury, North Carolina Evidence, § 86 (Brandis rev. 1973), so, too, are the readings of a coded disk from an automatic time-lock device. In the admission of the evidence objected to, we find no error.

Because of the trial court's failure to submit the lesser included offense of false imprisonment on the kidnapping charge, defendant is entitled to a new trial. On the rape charge, we find no error.

New trial on kidnapping charge.

No error on rape charge.

Judge HEDRICK and Judge HILL concur.