STATE OF NORTH CAROLINA v. JUNIOR LEE NORRIS

No. 8313SC352

(Filed 6 December 1983)

1. **Burglary and Unlawful Breakings § 5— first degree burglary—intent to commit rape—sufficiency of evidence**

    The State's evidence was sufficient to permit the jury to find that defendant broke into the house of the prosecutrix with the intent to commit the felony of rape therein so as to support conviction of defendant for first degree burglary where the prosecutrix testified that defendant pushed the door open, came in, started kissing her and pushing her toward the bedroom, and that he got her on the floor and began feeling her breasts.

2. **Criminal Law § 15.1; Jury § 6— pretrial publicity—denial of change of venue and individual voir dire**

    The trial court did not abuse its discretion in the denial of defendant's motion for a change of venue and a sequestered individual voir dire of jurors where five newspaper articles attached to the motion were mostly factual accounts of the evidence uncovered by investigating law enforcement officers, and where defendant failed to include the voir dire examination of the jury in the record on appeal so that the record does not reveal that defendant exhausted his peremptory challenges, that he had to accept an objectionable juror, or that any juror was made aware of any prejudicial material.

3. **Criminal Law § 66.9— photographic lineups not suggestive—independent origin of in-court identification**

    Pretrial photographic lineups were not unnecessarily suggestive because defendant was the only person in the second lineup who was also included in the first lineup. Furthermore, the trial court properly concluded that the photographic lineups were not unnecessarily suggestive and that an in-court identification of defendant was of independent origin where the court found that there was sufficient lighting in the victim's house to enable her to observe the facial features of her assailant for a period of approximately five minutes, and that the in-court identification was based solely on her observations on the morning of the crime.

4. **Criminal Law § 138— aggravating factor—prior conviction—issue of indigency and lack of counsel**

    In a sentencing hearing, the initial burden of raising the issue of indigency and lack of assistance of counsel on a prior conviction is on the defendant. G.S. 15A-1340.4(e).

APPEAL by defendant from *Lee, Judge.* Judgment entered 23 September 1982, in Superior Court, COLUMBUS County. Heard in the Court of Appeals 17 November 1983.

Defendant, Junior Lee Norris, was tried on an indictment charging him with first degree burglary in violation of G.S. 14-51.

The State's evidence tended to show the following. The prosecutrix was awakened from her sleep on 16 May 1982 at approximately 5:30 a.m. by a knock at the door. She looked out her living room window and saw a man on the porch. Upon opening the door, the man requested to use her telephone. She started to close the door, but the man did not allow her to do so. The prosecutrix testified: ". . . the man pushed the door open, came in, started kissing me and pushing me toward the bedroom. He got me on the floor and began feeling my breasts." At this point her small child woke up and started crying. The intruder told the prosecutrix to co-operate if she cared for the child's safety. He grabbed the woman by one arm and the child by the other and started walking through the house. The prosecutrix managed to escape and ran to a neighbor's house. When she returned the intruder was gone.

The prosecutrix was shown a six person black and white photographic line-up on 16 May 1982. She stated that two photographs resembled the intruder, but subsequently chose one photograph, a photograph of the defendant. From a color photographic line-up on 17 May 1982, the prosecutrix picked a photograph of the defendant as being the man who had attacked her.

Defendant's evidence tended to show that the defendant was with a friend from 6 a.m. to 8 a.m. on the morning of 16 May 1982. Also, a witness for the defense testified that he knew the prosecutrix and that she told him that the man who attacked her looked like one Toby Watts.

The jury found the defendant guilty as charged and the trial court entered judgment on the verdict, imposing an active sentence of imprisonment. Defendant appealed.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Michael W. Willis for defendant appellant.*

HILL, Judge.

In this appeal defendant's numerous assignments of error relate primarily to denial of his motion for directed verdict, denial of his motions for a change of venue and a sequestered voir dire of jurors, suppression of pre-trial identification, and the sentencing phase of his trial. We find the assignments to be without merit and find no error in defendant's trial.

[1] The defendant assigns as error the trial court's denial of his motion for directed verdict made at the close of the State's evidence and renewed at the close of all the evidence. The defendant contends the evidence was insufficient as a matter of law to sustain his first degree burglary conviction. We disagree.

To support a verdict of guilty of first degree burglary, evidence must exist from which a jury could find that defendant broke and entered a dwelling house at nighttime, with the intent to commit a felony therein. *State v. Wells*, 290 N.C. 485, 226 S.E. 2d 325 (1976); *State v. Rushing*, 61 N.C. App. 62, 300 S.E. 2d 445 (1983). The intent to commit a felony must exist at the time of entry, but it is not necessary that defendant retain that intent throughout the intrusion. *State v. Wilson*, 293 N.C. 47, 235 S.E. 2d 219 (1977); *State v. Rushing, supra*. The State chose to indict the defendant for breaking and entering with the intent to commit rape. Therefore, the State became obligated to furnish sufficient evidence of the specific felonious intent to commit rape, as alleged, *i.e.*, that at the time defendant entered the house of the prosecutrix, he intended to have sexual intercourse with the prosecutrix by force and against her will. *State v. Dawkins*, 305 N.C. 289, 287 S.E. 2d 885 (1982); *State v. Rushing, supra; see* G.S. 14-27.2; *see also* G.S. 14-27.3.

The State's evidence was sufficient to permit a rational trier of fact to conclude that the defendant broke into the house of the prosecutrix with the intent to commit the felony of rape therein. The evidence relevant to the element of intent accrues from the testimony of the prosecutrix:

I started to close the door and the man pushed the door open, came in, started kissing me and pushing me toward the bedroom. He got me on the floor and began feeling my breasts. My son awoke and started crying. He told me if I

State v. Norris

didn't want my son hurt, to do as he said. He asked me if anyone else was in the house. Then he grabbed me in one arm and Nicholas [the child] in the other and started walking back through the house. I escaped and ran to the neighbor's house.

This testimony concerning defendant's acts bespeaks a nonconsensual sexual purpose and an intended forcible sexual gratification. Therefore, the State has provided a sufficient foundation to permit a trier of fact to infer that defendant intended to commit rape once he broke into the house. This assignment of error is overruled.

[2] Defendant also assigns as error the trial court's denial of his motions for a change of venue and a sequestered voir dire of jurors. These motions were based on the grounds that inflammatory publicity from the news media would prevent a fair trial and that inquiry concerning specific newspaper articles could not be accomplished without making all jurors aware of prejudicial material, thereby rendering it impossible to select a fair and impartial jury.

Defendant supports his motion by attaching five newspaper articles appearing in various newspapers before the time of defendant's trial. These newspaper accounts were mostly factual accounts of the evidence uncovered by investigating law enforcement officials and appear to be no more inflammatory or prejudicial than any coverage likely to be found in any jurisdiction to which the trial might be moved. *See State v. Parton,* 303 N.C. 55, 277 S.E. 2d 410 (1981); *State v. Harrill,* 289 N.C. 186, 221 S.E. 2d 325, *death sentence vacated,* 428 U.S. 904, 96 S.Ct. 3212, 49 L.Ed. 2d 1211 (1976). In addition, since defendant failed to include in the record the voir dire examination of the jury, the record does not reveal that the defendant exhausted his peremptory challenges, that he had to accept an objectionable juror, or that any juror was made aware of prejudicial material. Under these circumstances, neither abuse of discretion nor prejudice has been shown. Motions for change of venue and the allowance of individual voir dire and sequestration of jurors are vested in the sound discretion of the trial judge and, absent abuse of discretion, his ruling will not be disturbed on appeal. *State v. Johnson,* 298 N.C. 355,

259 S.E. 2d 752 (1979); *State v. Brower*, 289 N.C. 644, 224 S.E. 2d 551 (1976). This assignment of error is overruled.

[3] Defendant's next assignment of error relates to the trial court's ruling on his motion to suppress the pre-trial identification of defendant by the prosecutrix. The voir dire testimony of the prosecutrix reveals that she identified the defendant by choosing his picture from photographic line-ups shown her on 16 May 1982 and 17 May 1982. Defendant contends that the photographic line-ups were constitutionally remiss because the defendant was the only person included in the second line-up who was also included in the first line-up. Following the hearing the trial court entered findings of fact and conclusions of law and denied the motion. Applying the standard of setting aside a conviction only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification to the case under review, we find that the denial of defendant's motion was proper. *Simmons v. United States*, 390 U.S. 377, 19 L.Ed. 2d 1247, 88 S.Ct. 967 (1968); *State v. Billups*, 301 N.C. 607, 272 S.E. 2d 842 (1981).

The trial court's findings of fact recite that there was sufficient lighting in the house to enable the prosecutrix to observe the facial features of her assailant for a period of approximately five minutes, and that the in-court identification of the defendant by the prosecutrix was based solely on her observations on the morning of the intrusion. The trial court's findings of fact are supported by the evidence and are therefore binding on appeal. *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1973); *State v. Walker*, 54 N.C. App. 652, 284 S.E. 2d 155 (1981). Based on the trial court's findings of fact the trial court properly concluded that the out-of-court identification of defendant did not reveal unnecessarily suggestive procedures conducive to mistaken identification and that the in-court identification of defendant was of independent origin. This assignment of error is overruled.

[4] Defendant's final assignment of error addresses the trial court's reliance on defendant's prior criminal record as an aggravating factor during sentencing. Defendant contends the trial court's failure to make a finding concerning whether defendant was indigent at the prior proceeding, and if so, whether he was represented by counsel was error. We disagree. Defendant stip-

ulated to his criminal record, but the record is silent concerning indigency or representation by counsel at any of his prior trials. Pursuant to G.S. 15A-1340.4(e), the initial burden of raising the issue of indigency and lack of assistance of counsel on a prior conviction is on the defendant. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). Defendant has failed to satisfy this burden; thus, this assignment of error is overruled.

We have carefully examined defendant's other contentions and we find no basis for reversal. Defendant Norris received a fair trial, free of prejudicial error.

No error.

Judges ARNOLD and BRASWELL concur.