STATE OF NORTH CAROLINA v. GUSTARIVUS WHITAKER

No. 8418SC521

(Filed 16 July 1985)

1. Kidnapping § 1.2; Rape and Allied Offenses § 18.2— kidnapping for the purpose of attempting second degree rape—evidence sufficient

There was no error in the denial of defendant's motion to dismiss the charge of second degree kidnapping for the purpose of attempting second degree rape where the defendant physically forced a taxicab driver to drive to a secluded area, commanded her to pull down her pants, and threatened her

repeatedly; although defendant only verbally expressed that he wanted to perform cunnilingus on her in a vulgar play on words, his statement indicated that he surely intended to use her to gratify his passion in spite of her resistance and did not foreclose all other inferences. G.S. 14-39.

2. **Kidnapping § 1.4— indictment alleging kidnapping for the purpose of attempted second degree rape—not fatally defective**

There was no error in an indictment charging defendant with kidnapping with the underlying felony of attempted second degree rape. While it would have been better practice to charge intent to commit second degree rape, attempted second degree rape is a felony and charging intent to commit attempted second degree rape is not fatally defective. G.S. 14-27.6.

3. **Kidnapping § 1.3— no instruction on false imprisonment—no error**

There was no error in a prosecution for second degree kidnapping and attempted second degree rape in not charging the jury on false imprisonment where all of the evidence tended to establish that defendant restrained, confined, and removed the prosecutrix with the intent to gratify his passion notwithstanding resistance.

Chief Judge HEDRICK dissenting.

APPEAL by defendant from *Walker (Hal H.), Judge.* Judgment entered 12 January 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 4 March 1985.

*Attorney General Edmisten by Assistant Attorney General Michael Rivers Morgan for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defenders James A. Wynn, Jr., and Malcolm Ray Hunter, Jr., for defendant appellant.*

COZORT, Judge.

Defendant was convicted of second-degree kidnapping and sentenced to a prison term of twenty-four (24) years. He appeals his conviction alleging the trial court should have granted his motion to dismiss the charges against him because the State's evidence was insufficient to prove that he restrained his victim for the purpose of committing the crime of attempted second-degree rape. He also contends the indictment was fatally defective and that the trial court erred by failing to instruct on the lesser included offense of false imprisonment. We find no error.

The State's main witness was Debra Fritz, a Greensboro taxicab driver who testified to the following: At about 2:00 o'clock on

the morning of 20 May 1983, she was approached by the defendant after she had signed off duty and driven her cab to a service station to meet a friend. The defendant asked her to take him to Gatewood Drive, a street nearby. After they got in the cab, the defendant asked her to take him to the Raleigh Street Poolroom instead. The defendant was sitting in the front seat with Ms. Fritz, which was her practice after dusk to keep from being grabbed from behind. She drove to the Raleigh Street Poolroom, which was closed. The defendant then gave Ms. Fritz an address on Tucker Street. Ms. Fritz did not know the way to Tucker Street and began following directions given to her by defendant. At defendant's instruction, she turned down Ola Street, a dead-end street. When she reached the end of the street, the defendant grabbed the radio microphone out of Ms. Fritz' hand and threw it on the other side of the cab. The defendant then grabbed Ms. Fritz by the throat. She began pleading with him not to hurt her. Defendant said, "Shut up. All you women think you're tough. . . . Don't talk; just drive." Ms. Fritz followed the defendant's instructions on which turns to take and ended up in a church parking lot. Defendant directed Ms. Fritz to back the car in beside a church bus and turn the lights out. It had begun pouring rain. Defendant told her to get out of the car. Fearing that she was about to be shot and her cab taken, Ms. Fritz tried to talk defendant into letting her go. Defendant mashed harder on her throat. While trying to move defendant's hand, Ms. Fritz said, "Let's just go and get something to eat and talk about this." Defendant said, "I want to eat you," and told Ms. Fritz to pull her pants down, which she did. Ms. Fritz testified that she thought she was going to be raped there in the churchyard, and she said to defendant, "Let's not do anything like this in the church yard. [sic]" Defendant agreed and again began giving directions to Ms. Fritz. He still had her by the neck. She began to make turns different from the defendant's instructions because his directions were towards back streets with few streetlights. Defendant mashed her throat very hard. Defendant told her to turn towards "a real rough area," but Ms. Fritz turned instead towards Wendover Avenue, a well-traveled street. Defendant pulled a sharp object out of his pocket and put it to Ms. Fritz' throat. She "gunned it," causing the defendant's hand to go up so that she could see that the sharp object was a comb. Ms. Fritz mashed the gas pedal all the way to the floor and aimed her car at a car stopped at a traffic light. Defend-

ant grabbed the steering wheel and pulled it to the right. Ms. Fritz' cab knocked down a "No Parking" sign and ran into a telephone pole. She jumped out the door and ran to a bar to call the police, pulling up her pants as she ran. Defendant jumped out the other side and ran away.

[1] Defendant was indicted for attempted second-degree rape and second-degree kidnapping. The jury acquitted defendant of attempted second-degree rape and convicted him of second-degree kidnapping. Defendant's first assignment of error is that the trial court erred by denying his motion to dismiss the charge of second-degree kidnapping because the evidence was insufficient to prove that the defendant restrained Ms. Fritz for the purpose of attempting a second-degree rape.

Upon a motion to dismiss in a criminal action, "all of the evidence favorable to the State, whether competent or incompetent, must be considered, such evidence must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom." *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977); *see also State v. Dover*, 308 N.C. 372, 302 S.E. 2d 232 (1983).

G.S. 14-39, under which defendant was indicted, provides in pertinent part that:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> . . . .
>
> (2) Facilitating the commission of any felony . . . .

Defendant was charged with unlawfully, willfully and feloniously kidnapping Ms. Fritz by unlawfully confining her, restraining her and removing her from one place to another without her consent for the purpose of facilitating the commission of attempted second-degree rape. "Rape is defined at G.S. 14-27.2(a)(2) and 14-27.3(a)(1) as engaging in vaginal intercourse with another per-

son by force and against the will of the other person. The statutory phrase 'engaging in vaginal intercourse with another person' is expressed in our cases as gratifying one's passion on the person of a woman; 'by force and against the will of the other person' is expressed as notwithstanding her resistance." *State v. Franks*, 74 N.C. App. 661, 662-63, 329 S.E. 2d 717, 718 (1985). Thus, the pivotal question for our determination in this case is whether the evidence is sufficient for a rational trier of fact to find that defendant confined, restrained, and removed Ms. Fritz from one place to another to facilitate the attempted gratification of his passion on her notwithstanding her resistance. We hold that it was.

The testimony of the prosecuting witness clearly supports the necessary element that she was confined, restrained, and removed by defendant. We must now determine whether the State proved the confinement, etc., was with the intent of attempting to rape Ms. Fritz. In *State v. Rushing*, 61 N.C. App. 62, 300 S.E. 2d 445, *aff'd*, 308 N.C. 804, 303 S.E. 2d 822 (1983), this court vacated the defendant's conviction of burglary, holding that there was insufficient evidence that the defendant intended to commit rape at the time he entered the house. The evidence showed the defendant climbed in the bedroom window of the prosecutrix; he told prosecutrix not to scream and that he had a gun; the prosecutrix backed up to the head of her bed, whereupon defendant grabbed her arm; prosecutrix and her child started screaming, and defendant jumped out the window. The Court analyzed many of the recent cases finding the evidence insufficient to prove the intent to rape and many of those finding the evidence sufficient. The Court said the following about the cases where the evidence was sufficient: "In all of those cases, there was some overt manifestation of an intended forcible sexual gratification, an element not shown by the evidence in the case before us." *Id.* at 66, 300 S.E. 2d at 449.

In *State v. Norris*, 65 N.C. App. 336, 309 S.E. 2d 507 (1983), this Court found the evidence sufficient to permit the jury to find the defendant broke into the house of the prosecutrix with the intent to commit rape where the prosecutrix testified that defendant pushed the door open, came in, started kissing her and pushing her toward the bedroom, and that he got her on the floor and began feeling her breasts. When the prosecutrix's small child awoke, the defendant grabbed the child and the woman and start-

ed walking through the house holding both by the arm. The prosecutrix later managed to escape. In upholding the conviction of burglary, the court said: "This testimony concerning defendant's acts bespeaks a nonconsensual sexual purpose and an intended forcible sexual gratification. Therefore, the State has provided a sufficient foundation to permit a trier of fact to infer that defendant intended to commit rape once he broke into the house." *Id.* at 339, 309 S.E. 2d at 509.

In *Franks, supra,* this Court held, citing *State v. Bradshaw,* 27 N.C. App. 485, 219 S.E. 2d 561 (1975), *disc. rev. denied,* 289 N.C. 299, 222 S.E. 2d 699 (1976), that evidence of kidnapping is sufficient if the State proves that defendant at any time during the confinement had the requisite intent to gratify his passion notwithstanding resistance. We recognize that according to Ms. Fritz' testimony, the defendant only verbally expressed that he wanted to perform cunnilingus on her. The defendant's statement that he wanted "to eat" Ms. Fritz was a vulgar play on words, indicating that the defendant surely intended to use her to gratify his passion in spite of her resistance, but not foreclosing all other inferences that he planned to commit cunnilingus alone. The State is entitled to benefit from every reasonable inference arising from the defendant's statements, actions, and the surrounding circumstances, including the fact that the defendant physically forced Ms. Fritz to drive to a secluded area, commanded her to pull down her pants, and threatened her repeatedly. These facts were sufficient evidence from which the jury could reasonably infer that defendant confined and removed the victim for the purpose of facilitating the commission of attempted second-degree rape. The defendant never let go of the prosecutrix at any time. It was only through her quick thinking and courageous actions that she was able to escape without being seriously harmed or without further violation and humiliation by the defendant. These actions by Ms. Fritz, however, do not cancel out the defendant's original underlying intent and make him any less guilty of the crime of kidnapping.

[2] The defendant next argues that the indictment failed to properly charge the defendant with kidnapping because the underlying felony charged therein was "*attempted* second degree rape," rather than simply second-degree rape. Defendant contends it is logically impossible to intend to attempt a rape. This argu-

ment is without merit. While it would have been the better prac-
tice for the indictment to simply charge the defendant with the
intent to commit second-degree rape, charging intent to commit
attempted second-degree rape is not fatally defective. G.S. 14-27.6
specifically provides that an "attempt to commit second-degree
rape . . . is a Class H felony." Thus, attempted second-degree
rape is a felony with which a defendant can be properly charged,
and that charge can therefore properly be the underlying felony
in a kidnapping indictment.

[3] Lastly, defendant contends the court erred by refusing to in-
struct the jury on the lesser included offense of false imprison-
ment, a misdemeanor. In *State v. Lang*, 58 N.C. App. 117, 293 S.E.
2d 255, *disc. rev. denied*, 306 N.C. 747, 295 S.E. 2d 761 (1982), the
Court held defendant was entitled to a new trial where the trial
court failed to instruct on false imprisonment when there was
evidence from which the jury could conclude that the defendant
restrained, confined or removed the prosecutrix for the purpose
of fondling her, and not to gratify his passion on her notwith-
standing her resistance. We find no such evidence in this case. All
of the evidence here tends to establish that the defendant re-
strained, confined, and removed the prosecutrix with the intent to
gratify his passion notwithstanding resistance. That his actions
fell short of his intent due to the quick thinking and actions of
Ms. Fritz is not evidence of false imprisonment. The Court's sum-
mary in *Franks, supra*, at 667, 329 S.E. 2d at 721, is appropriate
here:

> While other rape and intent to rape cases may be more
> egregious on their facts, the uncontradicted evidence here
> shows that the defendant confined and restrained the prose-
> cuting witness with the intent to have sexual intercourse
> with her against her will.

No error.

Judge JOHNSON concurs.

Chief Judge HEDRICK dissents.

Chief Judge HEDRICK dissenting.

The evidence in this case raises an inference that defendant at most had on his mind committing a sexual offense described in G.S. 14-27.5. He was charged with kidnapping "for the purpose of facilitating the commission of a felony, Attempted Second Degree Rape." While there is evidence that defendant assaulted the victim, I do not believe there is any evidence in this record from which the jury could find that defendant assaulted or kidnapped the victim with the intent to rape her or commit any other felony. In fact, the jury found defendant not guilty of attempted second degree rape. The record is replete with evidence that defendant did not intend to gratify his sexual desires "by force and against the will" of the victim. The evidence tends to show that at one point he desisted, upon the victim's request, from committing a sexual act, and he did not thereafter attempt or even suggest any acts of a sexual nature. We are not so clairvoyant as to say he intended to rape her had not other circumstances intervened that enabled her to escape. *See State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984).

Assuming *arguendo* the evidence is sufficient to require submission of the case to the jury, I am convinced the trial court erred in not submitting the lesser included offense of false imprisonment. *State v. Lang*, 58 N.C. App. 117, 293 S.E. 2d 255, *disc. rev. denied*, 306 N.C. 747, 295 S.E. 2d 761 (1982). I vote to reverse.