STATE OF NORTH CAROLINA v. GUSTARIVUS WHITAKER

No. 502A85

(Filed 6 May 1986)

**1. Kidnapping § 1.2— removal to facilitate attempted rape—sufficiency of evidence**

The evidence was sufficient to support defendant's conviction for kidnapping to facilitate attempted second degree rape, although defendant made a statement to the victim alluding to cunnilingus and not vaginal intercourse, where it tended to show that defendant grabbed the victim by the throat, ordered her to drive her taxi to a secluded, deserted church parking lot at 2:00 a.m. and turn off her taxi's lights; defendant commanded the victim to pull her pants down to her knees and inquired about her underclothing; and while driv-

ing to another location, the victim escaped from defendant when she accelerated rapidly as if to ram the car ahead of her, defendant grabbed the steering wheel, and the taxi ran into a street sign and utility pole.

**2. Kidnapping § 1.3— necessity for instruction on false imprisonment**

In a prosecution for kidnapping to facilitate attempted second degree rape, the trial court erred in refusing to instruct on the lesser-included offense of false imprisonment where a statement by defendant to the victim alluded to cunnilingus and not vaginal intercourse, and the jury could have inferred from defendant's statements and acts that he did not intend to rape the victim but intended only to commit some sexual offense short of attempted rape.

APPEAL by defendant of right pursuant to N.C.G.S. § 7A-30 (2) from the decision of a divided panel of the Court of Appeals (*Cozort, J.,* with *Johnson, J.,* concurring and *Chief Judge Hedrick* dissenting), reported at 76 N.C. App. 52, 331 S.E. 2d 752 (1985), finding no error in the trial below, wherein defendant, before *Walker (Hal), J.,* and a jury at the 7 January 1984 Criminal Session of GUILFORD County Superior Court, was acquitted of attempted second degree rape but convicted of second degree kidnapping, and received a sentence of 24 years in prison.

· *Lacy H. Thornburg, Attorney General, by Eugene A. Smith, Senior Deputy Attorney General, and Michael Rivers Morgan, Assistant Attorney General, for the state.*

*Malcolm Ray Hunter, Jr., Acting Appellate Defender, for defendant appellant.*

EXUM, Justice.

In his appeal defendant contends (1) the evidence presented at trial was insufficient to support his conviction for kidnapping to facilitate attempted second degree rape;[1] and (2) the trial court committed reversible error by denying defendant's timely request to instruct the jury on the lesser included offense of false imprisonment. The Court of Appeals answered both questions adversely to defendant. We agree with the Court of Appeals'

---

1. The Court of Appeals concluded, and we agree, that although the better procedure would have been to indict defendant for kidnapping with the intent to commit second degree rape, the presence of the word "attempted," illogical though it may be, is not fatally defective. Under N.C.G.S. § 14-27.6, attempted second degree rape is a Class H felony, and properly can serve as the underlying felony in a kidnapping indictment. *State v. Whitaker,* 76 N.C. App. at 57-58, 331 S.E. 2d at 755.

decision insofar as it concluded the evidence is sufficient to support defendant's conviction, but we disagree insofar as it concluded that defendant was not entitled to an instruction on the lesser included offense. We thus affirm in part and reverse in part the Court of Appeals' decision and remand for a new trial.

## I.

The evidence presented at trial tended to show the victim, a female taxi driver, was driving defendant around Greensboro sometime after 2 a.m. on 20 May 1983 when he directed her to a dead-end street, threw her radio microphone to the other side of the cab, and grabbed the victim by the throat, ordering her to continue driving. Defendant then directed her to a church parking lot in downtown Greensboro and ordered her to pull in beside a church activity bus and get out of the car. The victim refused to get out of the car because it was raining heavily and she feared defendant would shoot her, steal her taxi, and leave her in that deserted spot. In an apparent attempt to mollify him, she suggested they go get something to eat and discuss the situation. At that point defendant remarked, "I want to eat you," asked the victim if she had panties on, to which she replied affirmatively, and told her to pull her pants down to her knees. The victim then said, "Let's not do anything like this in the church yard." Defendant assented, and directed the victim to drive away, continuing to hold her by the throat all the while. Ignoring his directions, she drove instead towards more populous areas in town, further angering defendant who, having pulled an object out of his pocket, held it to the victim's throat. Believing the object to be a knife (she soon observed it actually was a comb), she accelerated rapidly as if to ram the car ahead. Seeing this, defendant wrenched the wheel towards him, causing the taxi to run into a street sign and a utility pole. The victim and defendant both jumped out of the taxi and ran off in opposite directions. Police apprehended defendant some two months later when the victim saw him standing on a sidewalk and had him arrested.

## II.

Defendant's appeal focuses on two different considerations of the sufficiency of the evidence: (1) whether the evidence, considered in the light most favorable to the state, is sufficient to support defendant's conviction for second degree kidnapping; and

(2) whether the evidence, considered in the light most favorable to defendant, would have also supported a conviction of the lesser included offense of false imprisonment had that offense been submitted to the jury and the defendant been found guilty of it.

[1] Defendant's kidnapping indictment charges in pertinent part that he confined, restrained and removed his victim "who had attained the age of sixteen (16) years . . . for the purpose of facilitating the commission of a felony, Attempted Second Degree Rape."

N.C.G.S. § 14-39 describes kidnapping as follows:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

. . . .

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony;

. . . .

(b) There shall be two degrees of kidnapping as defined by subsection (a). If the person kidnapped either was not released by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree and is punishable as a Class D felony. If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the second degree and is punishable as a Class E felony.

A definition of second degree rape pertinent to this case is "vaginal intercourse with another person . . . [b]y force and against the will of the other person . . . ." N.C.G.S. § 14-27.3(a)(1). Attempted second degree rape is a Class H felony. N.C.G.S. § 14-27.6.

Defendant contends his vulgar play on words "I want to eat you" supports at most an inference that he intended to commit cunnilingus, a second degree sex offense, and there is no evidence of a purpose to attempt to rape his victim.

When an indictment for kidnapping alleges an intent to commit a particular felony, the state must prove the particular intent alleged. *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984); *State v. White*, 307 N.C. 42, 296 S.E. 2d 267 (1982). "Intent, or the absence of it, may be inferred from the circumstances surrounding the event and must be determined by the jury." *Id.* at 48, 296 S.E. 2d at 271. In considering the sufficiency of the evidence to survive a motion to dismiss, "the trial court must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable intendment and inference to be drawn therefrom." *State v. Covington*, 315 N.C. 352, 361, 338 S.E. 2d 310, 316 (1986).

We conclude that when so considered the evidence supports a reasonable inference that defendant removed his victim for the purpose of facilitating an attempt to rape her. Defendant grabbed the victim by the throat, ordered her to drive to a secluded, deserted parking lot beside a bus and turn off her taxi's lights. He commanded her to pull her pants down to her knees and inquired about her underclothing. He stated his intent to commit at least one manner of sexual attack on her, not necessarily to the exclusion of any other. The jury could have reasonably inferred that, but for the victim's ingenuity and courage, she would have been subjected to attempted forcible sexual intercourse. We therefore hold the evidence was enough to support the jury's verdict.

We find support for our conclusion in *State v. Hudson*, 280 N.C. 74, 185 S.E. 2d 189 (1971), *cert. denied*, 414 U.S. 1160, 39 L.Ed. 2d 112 (1974). In *Hudson*, the defendant challenged the sufficiency of the evidence to support his conviction for felonious assault with intent to rape a fourteen-year-old female victim. He claimed the evidence showed he assaulted her not to rape her but to commit other types of sex offenses. The victim testified that during defendant's assault he did not attempt sexual intercourse but did insert his finger and a foreign object into her vagina. He further sexually abused her, wrote Justice (later Chief Justice) Sharp, "in a manner too revolting to relate." *Id.* at 75, 185 S.E. 2d

at 190. The Court in *Hudson* noted "[t]o convict a defendant of an assault with intent to commit rape 'an actual physical attempt forcibly to have carnal knowledge need not be shown.' " *Id.* at 77, 185 S.E. 2d at 191 (citation omitted). The Court held that, despite the absence of testimony regarding attempted vaginal intercourse, defendant's attack "was indisputably sexually motivated, and we think the jury could reasonably infer from his treatment of her that defendant intended at some time during his continuous assaults to rape [the victim] if he could, notwithstanding any resistance on her part . . . ." *Id.*

*Hudson* parallels the case at bar in that the attack here, as in *Hudson*, was indisputably sexually motivated, despite lack of evidence of an actual physical attempt forcibly to have vaginal intercourse. The jury could thus reasonably infer that defendant abducted his victim for the purpose of attempting to have vaginal intercourse with her even though he never actually made the attempt.

## III.

[2] Defendant next contends the trial court committed reversible error by denying his timely request to instruct the jury on false imprisonment.

The crime of false imprisonment is a lesser included offense of kidnapping. *State v. Bynum*, 282 N.C. 552, 193 S.E. 2d 725, *cert. denied*, 414 U.S. 839 (1973). When any evidence presented at trial would permit the jury to convict defendant of the lesser included offense, the trial court must instruct the jury regarding that lesser included offense. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970). Failure to so instruct the jury constitutes reversible error not cured by a verdict of guilty of the offense charged. *State v. Thacker*, 281 N.C. 447, 189 S.E. 2d 145 (1972). "So, whether a defendant who confines, restrains, or removes another is guilty of kidnapping or false imprisonment depends upon whether the act was committed to accomplish one of the purposes enumerated in our kidnapping statute." *State v. Lang*, 58 N.C. App. 117, 118-19, 293 S.E. 2d 255, 256, *cert. denied*, 306 N.C. 747, 295 S.E. 2d 761 (1982). The crux of this question, then, concerns whether "there was evidence from which the jury could have concluded that the defendant, although restraining, confining and

removing the victim, [did so] for some purpose other than . . . to commit [attempted second degree] rape." *Id.*

The evidence here does not so unerringly point to a purpose to rape the victim as to preclude the jury from reasonably finding defendant guilty of the lesser included offense of false imprisonment. Left to its own devices after having been instructed fully on all pertinent law in the case, the jury reasonably could have inferred from defendant's statement and acts that he did not intend to attempt to rape his victim, but intended only to commit some sexual offense short of attempted rape. Defendant's statement alluded to cunnilingus, not vaginal intercourse. He did not make at any point thereafter statements of a sexual nature to the victim. The question of defendant's purpose in abducting the victim, being a question of his state of mind, should have been for the jury to decide, as the evidence did not point unerringly to a conclusion that defendant did or did not intend to attempt to rape the victim.

In agreeing with that part of Chief Judge Hedrick's dissent in which he concluded defendant was entitled to have the lesser offense of false imprisonment submitted, we find support in relevant case law. In *State v. Banks*, 295 N.C. 399, 245 S.E. 2d 743 (1978), defendant forced himself on the female victim in a bus terminal restroom, rubbing his genitalia against hers and compelling her at knifepoint to perform oral sex. The Court held that, while there was no evidence that defendant attempted vaginal intercourse, his actions obviously were designed to gratify some sort of sexual desire, thus permitting the reasonable inference that the assault was motivated at some point by an intent to commit rape. Nevertheless, the Court also held the evidence sufficient to support either a verdict of assault with intent to commit rape or the lesser included offense of assault upon a female. In *Banks* we held "the factual issue which separates the greater offense from the lesser, *i.e.*, intent, is not susceptible to clear-cut resolution. Under these circumstances, the trial judge should have submitted to the jury the lesser included offense. . . ." *Id.* at 416, 245 S.E. 2d at 754. In *State v. Bell*, 284 N.C. 416, 200 S.E. 2d 601 (1973), only the state offered evidence and defendant was convicted of first degree burglary. The only question on appeal was whether the trial court erred in failing to submit the lesser offense of felonious breaking or entering. The evidence tended to show that

in the early morning hours one of the occupants of a children's home in Winston-Salem awoke to find defendant in her bed armed with a knife. The evidence was equivocal on the question of whether certain doors and windows were left open or were closed at the time entry might have been accomplished by defendant. This Court concluded there was error in failing to submit the lesser offense, saying:

> The evidence in the case and the inferences to be reasonably drawn therefrom were not such as would have *required* the jury to find that defendant entered the Julia Higgins Cottage by a burglarious breaking. Conversely the jury might reasonably have inferred that defendant made his entry without a burglarious breaking.
>
> Under these circumstances, defendant was entitled '. . . to have different views arising on the evidence presented to the jury upon proper instructions. . . .' *State v. Childress*, [228 N.C. 208, 45 S.E. 2d 42].

*State v. Bell*, 284 N.C. at 420, 200 S.E. 2d at 604.

We are satisfied such is also the case here. "Simply put, the law does not point inexorably and unerringly to defendant's guilt or innocence of the offense of kidnapping, since the jury could reasonably conclude that defendant did not intend to gratify his passion on the prosecuting witness notwithstanding any resistance on her part." *State v. Lang*, 58 N.C. App. at 120, 293 S.E. 2d at 257.

The result is: Insofar as the Court of Appeals held the evidence was sufficient to support the verdict of guilty of kidnapping, its decision is affirmed; insofar as the Court of Appeals held defendant was not entitled to an instruction on the lesser included offense of false imprisonment, its decision is reversed; and the case is remanded to the Court of Appeals for further remand to the superior court for a new trial.

Affirmed in part; reversed in part; remanded for new trial.