## STATE v. HARRINGTON

[95 N.C. App. 187 (1989)]

STATE OF NORTH CAROLINA v. JOHNNY HARRINGTON

No. 8820SC1054

(Filed 15 August 1989)

**Assault and Battery § 16— assault with deadly weapon with intent to kill inflicting serious injury—instruction on lesser offense required**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, defendant was entitled to an instruction on the lesser included offense of assault with a deadly weapon inflicting serious injury where he testified that he was trying to frighten the victim so she would move back and he could get in his car and leave, and defendant's statement was bolstered by his earlier testimony that he fired a warning shot just prior to firing the shot which wounded the victim.

APPEAL by defendant from *Fellers, Judge.* Judgment entered 6 May 1988 in Superior Court, ANSON County. Heard in the Court of Appeals 10 May 1989.

This is a criminal case in which the defendant was indicted and convicted of assault with a deadly weapon with intent to kill inflicting serious injury. From a judgment imposing a sentence of ten years imprisonment, the defendant appeals.

The State's evidence tended to show that on 18 July 1986 Susie Little, her eleven year old son Shawn, and a friend, Ms. Ledbetter, drove to Ms. Little's home. Ms. Little went into the house.

Ms. Little testified that she lived with defendant some time ago, that the defendant was her son Shawn's father, that when she went in her house, she found the defendant there and they had an argument, and that the defendant threatened to kill her and shortly thereafter shot her.

Ms. Ledbetter testified that upon arriving Shawn got out of his mother's car and went into the house. Shortly after Ms. Little went into her house, defendant came out carrying a shotgun and ran around to the side of the house where he stopped and looked in through a glass door. Ms. Ledbetter also testified that Ms. Little and the defendant met at the corner of the front porch each holding

a gun pointed at the other, and that the defendant then shot Ms. Little. Ms. Ledbetter took Ms. Little to the hospital after the defendant refused to take her.

Shawn Little testified he saw the defendant and his mother arguing. Shawn testified at different times that he saw defendant get his gun from his car, saw his mother get her rifle and then heard a gunshot.

The defendant testified that when Ms. Little walked into the house, he was in the kitchen reading a note indicating that Cindy Little, Ms. Little's daughter, had sprayed defendant's car with oven cleaner. The defendant asked Ms. Little about the note. Ms. Little cursed him, accused him of being sexually promiscuous, and asked him, "[w]here's my rifle at?" The defendant responded, "You know where it's at better than I do." When Ms. Little began looking for her rifle, the defendant got his 410 gauge shotgun from a nearby closet. The defendant testified that as he left the house through the back door, Ms. Little fired a shot over his head. The defendant ran outside the house, fired a "warning shot" in the air, and looked in through a sliding glass door. The defendant further testified that he wanted to get to his car and leave, but he felt it would not be safe to try. The defendant heard Ms. Ledbetter tell Ms. Little where he was. Ms. Little stuck the barrel of her rifle around the corner of the house. The defendant tried to force her rifle away with a chair but after a brief struggle, he threw the chair down and fired his shotgun in an attempt to scare her. Ms. Little was wounded in the upper left shoulder.

*Attorney General Thornburg, by Assistant Attorney General Donald W. Laton, for the State.*

*Assistant Appellate Defender Teresa A. McHugh for defendant-appellant.*

EAGLES, Judge.

Defendant contends that he was entitled to an instruction on the lesser included offense of assault with a deadly weapon inflicting serious injury, and that because Ms. Little's statement to the police did not corroborate her testimony, it should not have been allowed into evidence. Though we disagree with the defendant's contention that Ms. Little's statement was improperly admitted, we agree that the trial court should have instructed on the lesser

included offense. Accordingly, we reverse and remand for a new trial.

## I.

The trial court is not required to instruct on the issue of a defendant's guilt of a lesser offense of the crime charged in every case. *State v. Davis*, 33 N.C. App. 262, 265, 234 S.E.2d 762, 764 (1977). However, "[w]hen any evidence presented at trial would permit the jury to convict defendant of the lesser included offense, the trial court must instruct the jury regarding that lesser included offense." *State v. Whitaker*, 316 N.C. 515, 520, 342 S.E.2d 514, 518 (1986); *State v. Riera*, 276 N.C. 361, 368, 172 S.E.2d 535, 540 (1970). "The *presence of such evidence* is the determinative factor." *State v. Hicks*, 241 N.C. 156, 159, 84 S.E.2d 545, 547 (1954).

> Error in failing to submit the question of a defendant's guilt of lesser degrees of the same crime is not cured by a verdict of guilty of the offense charged because, in such case, it cannot be known whether the jury would have convicted of a lesser degree if the different permissible degrees arising on the evidence had been correctly presented in the charge.

*State v. Thacker*, 281 N.C. 447, 456, 189 S.E.2d 145, 151 (1972).

The "crime condemned by G.S. 14-32(b) [assault with a deadly weapon inflicting serious injury] is a lesser degree of the offense defined by G.S. 14-32(a) [assault with a deadly weapon with intent to kill inflicting serious injury] . . . ." *Thacker*, 281 N.C. at 456, 189 S.E.2d at 150-151, and the only distinction is the presence of intent to kill in the greater offense. The critical issue to be resolved, then, is whether there was *any* evidence from which the jury may have concluded that the defendant did not intend to kill Ms. Little. We hold that there was.

Intent to kill is a mental attitude which must normally be proven by circumstantial evidence. *State v. Cauley*, 244 N.C. 701, 708, 94 S.E.2d 915, 921 (1956). Intent to kill "may be inferred from the nature of the assault, the manner in which it is made, the conduct of the parties, and other relevant circumstances." *State v. Revels*, 227 N.C. 34, 36, 40 S.E.2d 474, 475 (1946). However, that inference is not required, and whether it is drawn in a particular case is a question for the jury.

STATE v. HARRINGTON

[95 N.C. App. 187 (1989)]

The instant case is analogous to *State v. Whitaker, supra.* In *Whitaker* the defendant was charged with kidnapping. The Supreme Court held that defendant was entitled to an instruction on the lesser included offense of false imprisonment.

> The evidence here does not so unerringly point to a purpose to rape the victim as to preclude the jury from reasonably finding defendant guilty of the lesser included offense of false imprisonment. Left to its own devices after having been instructed fully on all pertinent law in the case, the jury reasonably could have inferred from defendant's statement and acts that he did not intend to attempt to rape his victim, but intended only to commit some sexual offense short of attempted rape. . . . The question of the defendant's purpose in abducting the victim, being a question of his state of mind, should have been for the jury to decide, as the evidence did not point unerringly to a conclusion that defendant did or did not intend to attempt to rape the victim.

*Whitaker*, 316 N.C. at 521, 342 S.E.2d at 518. Here, the defendant stated, "I was trying to frighten her so she would move back so I could get in my car and leave." Indeed, defendant's statement is bolstered by his earlier testimony that he fired a warning shot while at the rear of the house just prior to his shot which wounded Ms. Little.

The State contends that *State v. Johnson*, 317 N.C. 193, 344 S.E.2d 775 (1986) controls here. We disagree. In *Johnson*, a first degree murder by poison case, the Supreme Court noted that "the only evidence to negate these elements was the defendant's denial that he had committed the offense. The trial court did not err by refusing to instruct the jury on second degree murder." *Johnson*, 317 N.C. at 205, 344 S.E.2d at 782. However, the court also stated "a specific intent to kill is equally irrelevant when the homicide is perpetrated by means of poison, lying in wait, imprisonment, starving, or torture; and we hold that an intent to kill is not an element of first-degree murder where the homicide is carried out by one of these methods." *Johnson*, 317 N.C. at 203, 344 S.E.2d at 781. Here the intent to kill is an element of the principal offense charged and its presence is challenged by defendant's conduct leading up to the shooting as well as by his denial of an intent to kill.

"[T]he factual issue which separates the greater offense from the lesser, i.e., intent, is not susceptible to clear cut resolution;"

*State v. Banks*, 295 N.C. 399, 416, 245 S.E.2d 743, 754 (1978). On this record, we hold that the trial court should have instructed the jury on the lesser included offense.

## II.

Our disposition of defendant's first assignment of error makes it unnecessary for us to reach his second assignment of error. However, because the issue may arise again in a retrial, we address it in our discretion. Defendant argues that the trial court's admission of Ms. Little's statement to the police was erroneous because it was not in fact corroborative. We disagree.

Defendant argues that there were conflicts and discrepancies between Ms. Little's statement to the police and her testimony. However, conflicts and discrepancies between earlier statements and in-court testimony go to Ms. Little's credibility and to the weight, if any, the jury should give her testimony. *State v. King*, 258 N.C. 532, 128 S.E.2d 888, 889 (1963); *State v. Ramey*, 318 N.C. 457, 467, 349 S.E.2d 566, 573 (1986).

For the reasons stated the judgment of the trial court is reversed and the case is remanded for a

New trial.

Judges PARKER and ORR concur.