STATE OF NORTH CAROLINA v. RONALD EUGENE PATTON

No. 8528SC1220

(Filed 15 April 1986)

1. **Burglary and Unlawful Breakings § 5.6— first degree burglary—intent to commit larceny—sufficiency of evidence**

    There was sufficient evidence of defendant's intent to commit larceny to support his conviction for first degree burglary where the evidence tended to show that he entered a woman's apartment at 3:00 a.m., was confronted by her and struggled with her in her bedroom, and fled from the apartment, dragging her with him, after hearing her son shout out; after a further struggle with the woman in her backyard, defendant fled when a neighbor called out; and there was no evidence tending to show that defendant entered the woman's home with any intent other than to commit larceny.

2. **Burglary and Unlawful Breakings § 7— first degree burglary—necessity for submission of lesser offense**

    The trial court in a first degree burglary case erred in failing to submit to the jury the lesser included offense of misdemeanor breaking and entering where the only evidence of defendant's intent to commit larceny was the fact that he broke and entered into the apartment.

3. **Assault and Battery § 16.1— assault with deadly weapon—evidence of assault on female—submission of guilt of simple assault not required**

    Where, in a prosecution for assault with a deadly weapon, the evidence tends to show assault on a female at least, the trial court does not err in failing to submit the question of guilt of simple assault.

APPEAL by defendant from *Gaines, Judge.* Judgments entered 11 June 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 9 April 1986.

Defendant was charged in proper bills of indictment with assault with a deadly weapon inflicting serious injury and first degree burglary. The State's evidence at trial tended to show the following: At 3:00 a.m. on 27 October 1983, Linda Littlejohn was awakened by a squeaking sound on the stairs leading to her bedroom. She hid behind her dresser with a wooden clog shoe in her hand. When a man, who Ms. Littlejohn identified at trial as defendant, entered her room she began screaming and held up the shoe to throw it. Defendant picked Ms. Littlejohn up from the floor and threw her down on the bed. She grabbed his hair and wrestled with him on the bed. He hit her once in the mouth with his fist and then hit her on the jaw with a garden tool. After Ms. Littlejohn's son called out from his bedroom, "Who's out there?", defendant pulled her from the bed, shoved her to the stairway, turned on the light on the stairway, and pushed her down the stairs until they reached the bottom floor. She asked defendant what he wanted, but he did not reply. He pulled her out the door into the backyard. As she was being pulled out the door, she saw that defendant was barefoot and that a pair of tennis shoes were on her back porch. Defendant dragged Ms. Littlejohn across the yard, hitting her in the face and chest and kicking her in the head. She heard a voice call from a window, "That's enough. Leave her alone." She then grabbed a garden spade from defendant's hand, threw it across the yard and ran to her neighbor's apartment.

Ms. Littlejohn testified that nothing was missing from her apartment and that she had never seen the spade before that night. After she returned from the hospital, she told her neighbor where she had thrown the spade and her neighbor found it. At trial, she identified State's Exhibit No. 1 as the tool defendant had used to hit her.

Charles Kilgore testified that he was awakened that night by screams. He looked out the window, saw some figures struggling, and called out "That's enough." He further testified that a figure, who he recognized as defendant, looked up and then left.

Defendant presented no evidence at trial. The jury found defendant guilty of assault with a deadly weapon and first degree

burglary. From judgments imposing prison sentences of forty years for the burglary charge and two years for the assault charge, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Daniel C. Oakley, for the State.*

*Assistant Appellate Defender Geoffrey C. Mangum for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant contends that the trial court erred in failing to dismiss the charge of first degree burglary. The trial judge charged the jury that to find defendant guilty of first degree burglary that "the State must prove to you that at the time of the breaking and entering the Defendant intended to commit a felony, that is to say, larceny." Defendant argues that there is insufficient evidence of intent to commit larceny to support his conviction for first degree burglary. We disagree.

First degree burglary is defined as the unlawful breaking and entering of an occupied dwelling or sleeping apartment in the nighttime with the intent to commit a felony therein. G.S. 14-51; *State v. Sweezy*, 291 N.C. 366, 230 S.E. 2d 524 (1976). In *Sweezy*, the Court, citing *State v. McBryde*, 97 N.C. 393, 396-97, 1 S.E. 925, 927 (1887), addressed the question of the sufficiency of the evidence to show an intent to commit larceny:

> The intelligent mind will take cognizance of the fact, that people do not usually enter the dwellings of others in the night time, when the inmates are asleep, with innocent intent. The most usual intent is to steal, and when there is no explanation or evidence of a different intent, the ordinary mind will infer this also. The fact of the entry alone, in the night time, accompanied by flight when discovered, is some evidence of guilt, and in the absence of any other proof, or evidence of other intent, and with no explanatory facts or circumstances, may warrant a reasonable inference of guilty intent.

*Sweezy*, 291 N.C. at 384, 230 S.E. 2d at 535. Where the defendant's actions could be subject to more than one interpretation, it is the function of the jury to infer the defendant's intent

from the circumstances. *State v. Coleman*, 65 N.C. App. 23, 308 S.E. 2d 742 (1983), *cert. denied*, 311 N.C. 404, 319 S.E. 2d 275 (1984).

In the present case, the evidence tends to show that defendant entered Ms. Littlejohn's apartment at 3:00 a.m., was confronted by and struggled with Ms. Littlejohn in her bedroom, and fled from the apartment, dragging her with him, after hearing her son shout "Who's out there?" After a further struggle with Ms. Littlejohn in the backyard, defendant fled when Charles Kilgore called out, "That's enough." There is no evidence in the record tending to show that defendant entered Ms. Littlejohn's home with any intent other than to commit larceny. Therefore, under the requirements of *McBryde*, the State has produced sufficient evidence to support the jury's inference that defendant intended to commit larceny.

[2] Defendant also contends that the trial court erred in failing to submit to the jury the lesser included offense of misdemeanor breaking and entering. We agree.

Misdemeanor breaking or entering is a lesser included offense of burglary in the first degree as set forth in G.S. 14-51. *State v. Perry*, 265 N.C. 517, 144 S.E. 2d 591 (1965). The distinction between the two offenses rests on whether the unlawful breaking or entering was done with the intent to commit the felony named in the indictment. *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965). In *State v. Thomas and State v. Christmas and State v. King*, 52 N.C. App. 186, 278 S.E. 2d 535 (1981), this Court, based on analysis of prior decisions, stated that:

> [W]here the only evidence of the defendant's intent to commit a felony in the building or dwelling was the fact that the defendant broke and entered a building or dwelling containing personal property, the appellate courts of this State have consistently and correctly held that the trial judge must submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict. . . . However, where there is some additional evidence of the defendant's intent to commit the felony named in the indictment in the building or dwelling, such as evidence that the felony was committed . . . or evidence that the felony was attempted, . . . or . . . evidence that the felony was planned, and there

is no evidence that the defendant broke and entered for some other reason, then the trial court does not err by failing to submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict.

*Id.* at 196-97, 278 S.E. 2d at 542-43 (citations omitted).

In the present case, Ms. Littlejohn testified that nothing was missing from her apartment. There is no evidence tending to show that larceny was committed, attempted or planned by defendant. The only evidence of defendant's intent to commit larceny is the fact that he broke and entered into Ms. Littlejohn's apartment. Therefore, the trial court erred in failing to submit the lesser included offense of misdemeanor breaking or entering to the jury as a possible verdict.

[3] Finally, defendant contends that the trial court erred in failing to submit to the jury the possible verdict of simple assault as a lesser included offense of assault with a deadly weapon. Defendant argues that because the trial judge submitted the question to the jury of whether the garden tool defendant used to assault Ms. Littlejohn was a deadly weapon and because there was other evidence of simple assault, the jury could have found that defendant committed this lesser included offense. Defendant's contention is without merit.

Assault with a deadly weapon and assault on a female are both punishable by a fine, imprisonment for not more than two years, or both, pursuant to G.S. 14-33(b). Where, in a prosecution for assault with a deadly weapon, the evidence tends to show assault on a female at least, the trial court does not err in failing to submit the question of guilt of simple assault. *State v. Church*, 231 N.C. 39, 55 S.E. 2d 792 (1949); *State v. Hill*, 6 N.C. App. 365, 170 S.E. 2d 99 (1969). Since the evidence in the present case warranted an instruction to the effect that the jury might return a verdict of guilty of assault on a female, prejudicial error has not been shown. *Id.*

For the foregoing reasons, we hold that defendant had a fair trial free of prejudicial error on the charge of assault with a deadly weapon, but is entitled to a new trial on the charge of first degree burglary.

No error in part; new trial in part.

Judges WELLS and MARTIN concur.