State v. Planter

## V

STATE OF NORTH CAROLINA v. ELMORE LEROY PLANTER

No. 8726SC95

(Filed 17 November 1987)

**1. Burglary and Unlawful Breakings § 5— intent to rape—first degree burglary— sufficiency of evidence**

There was sufficient evidence from which a jury could have concluded that defendant entered a motel room with the intent of raping the prosecutrix, and the evidence would thus sustain his first degree burglary conviction, where the evidence tended to show that defendant entered the motel room shortly after the prosecutrix's male companion had left; he remained in the room after he knew for certain that a woman was in it; and he closed and locked the room door before jumping on the prosecutrix who lay in bed.

**2. Rape § 5— attempted second degree rape— sufficiency of evidence**

The evidence was sufficient to establish the intent to rape and an overt act toward the commission of rape necessary for a conviction of attempted second degree rape.

**3. Burglary and Unlawful Breakings § 7— first degree burglary—refusal to instruct on lesser offense proper**

The trial court in a first degree burglary case did not err by denying defendant's timely request for instructions on misdemeanor breaking or entering where testimony by the prosecutrix that defendant, after closing and locking a motel room door, jumped on top of her as she lay in bed and tried to subdue her with threats and force supported the conclusion that defendant attempted to rape the prosecutrix, and neither the State nor defendant submitted any evidence from which to infer another reason for defendant's entry into the room.

APPEAL by defendant from *Griffin (Kenneth A.), Judge.* Judgments entered 9 October 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 21 September 1987.

Defendant was indicted for first-degree burglary, N.C.G.S. § 14-51, and second-degree attempted rape, N.C.G.S. § 14-27.3 (a)(1).

At trial the State's evidence tended to show that on 23 November 1985 at 11:00 p.m. the prosecutrix visited her boyfriend, Shaun, at the Tourist Inn, where he was staying. The couple talked with friends and acquaintances at the motel, before going to Shaun's room at 12:00 a.m. At 4:15 a.m. Shaun left the room to see if some relatives, who were staying in the same motel, had returned safely from a party. Shortly after Shaun left the room, the prosecutrix lying alone in bed in the darkened motel room, heard the room door open and someone enter the room. Thinking it was Shaun, she called his name. In response the intruder, after locking the door, answered "No." He then jumped across the two-foot space between the door and bed where the prosecutrix lay. He climbed on top of her in bed, putting his hand over her mouth and threatening to harm her if she was not quiet. A struggle ensued with the two of them falling to the floor. The prosecutrix subsequently pushed him down, ran to the door, unlocked it, and turned on the light. The intruder fled out the door. As he left the room, the prosecutrix recognized the intruder as being an acquaintance she had met earlier in the evening with Shaun.

Defendant was arrested a short time later in the vicinity of the motel in an intoxicated state and was identified by the prosecutrix as the person with whom she had struggled in the room.

Defendant offered no evidence on his own behalf at trial. At the close of the State's evidence and at the close of all the evidence, he made motions for a directed verdict on the charges of first-degree burglary and attempted second-degree rape, which were denied.

The jury found defendant guilty as charged. The trial court sentenced him to an active term of forty years for first-degree burglary and an active term of ten years for second-degree attempted rape.

From the judgments, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General G. Lawrence Reeves, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., for defendant-appellant.*

ORR, Judge.

[1] Defendant first assigns error to the trial court's denial of his motions for a directed verdict on the charge of first-degree burglary. On appeal, he contends the State's evidence failed to establish he entered the motel room with the intent to commit rape, and thus, as a matter of law, was insufficient to sustain his first-degree burglary conviction.

The evidence presented to support a conviction must be substantial, *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979), and "must be sufficient to convince a rational finder of fact of the existence of each essential element [of the crime charged]." *State v. Rushing*, 61 N.C. App. 62, 64, 300 S.E. 2d 445, 447, *aff'd per curiam*, 308 N.C. 804, 303 S.E. 2d 822 (1983). "On review, the State is entitled to all reasonable inferences which may be drawn from the evidence." *Id. See State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975).

In the present case, defendant was charged pursuant to N.C.G.S. § 14-51 with first-degree burglary by breaking and entering a dwelling at night with the intent to commit rape therein.

To support a guilty verdict on this charge, the State's evidence must sufficiently show that at the time defendant entered the motel room "he intended to have sexual intercourse with the prosecutrix by force and against her will." *State v. Norris*, 65 N.C. App. 336, 338, 309 S.E. 2d 507, 509 (1983). "The intent to commit a felony must exist at the time of entry, and it is no defense that the defendant abandoned the intent after entering." *State v. Rushing*, 61 N.C. App. at 64, 300 S.E. 2d at 448; *State v. Wilson*, 293 N.C. 47, 235 S.E. 2d 219 (1977).

"Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Bell*, 285 N.C. 746, 750, 208 S.E. 2d

506, 508 (1974), quoted with approval in *State v. Freeman*, 307 N.C. 445, 448, 298 S.E. 2d 376, 378 (1983).

In *State v. Rushing*, 61 N.C. App. 62, 300 S.E. 2d 445, this Court extensively reviewed prior decisions examining the sufficiency of the State's evidence on the issue of intent to commit rape prior to breaking into a victim's dwelling. We concluded that the evidence must present "some overt manifestation of an intended forcible sexual gratification [by defendant to prevail]." 61 N.C. App. at 66, 300 S.E. 2d at 449. When evaluating the evidence, we considered the Supreme Court's holding in *State v. Freeman*, 307 N.C. 445, 298 S.E. 2d 376, that an overt manifestation of sexual intent may be derived from the words spoken by the defendant, or from his dress or demeanor.

Applying this standard in *Rushing*, we reversed the defendant's first-degree burglary charge where the State's evidence of defendant's intent to commit rape tended to show: that defendant broke into the victim's home in the early morning hours wearing dark pants, white fabric gloves and no shirt; threatened to shoot the prosecutrix if she screamed; came to the side of her bed and grabbed her arm; told her not to move; and then put his hand over her mouth when she began screaming. This was held to be insufficient to prove intent to commit rape.

After review, we find the present case distinguishable from *Rushing*. The evidence of defendant's intent, presented at trial, tended to show: that defendant met the prosecutrix earlier in the evening and defendant, therefore, knew she was with Shaun at the Tourist Inn; shortly after Shaun left his motel room at 4:15 a.m., the defendant entered the room; after defendant entered, the prosecutrix said "Shaun?"; and defendant quickly closed and locked the motel room door and answered "No" to the prosecutrix's question. He then jumped on top of her as she lay undressed in bed, placing his hand over her mouth and threatening to harm her if she was not quiet. Defendant grappled with the prosecutrix until he realized he could not subdue her, then fled. As defendant left the room, the prosecutrix recognized him and noted that he was wearing blue work pants. When police arrested defendant at approximately 5:00 a.m., he was wearing blue work pants with no zipper.

Based upon this evidence, with all reasonable inferences drawn in the State's favor, we conclude a jury could reasonably find that defendant showed a preconceived intent to rape the prosecutrix (1) by entering the motel room shortly after the prosecutrix's male companion had left; (2) by remaining in the room after he knew for certain that a woman was in it, and (3) by then closing and locking the room door before jumping on the prosecutrix who lay in bed. Therefore, there was sufficient evidence from which a jury could have concluded that defendant entered the room with the intent of raping the prosecutrix. The fact that the prosecutrix was more than a match for defendant, causing him to abandon any such intent and flee the room, would not absolve him from responsibility for his actions.

Consequently, this Court finds the evidence of defendant's intent to commit rape prior to entering the room sufficient to overcome a motion for directed verdict. It is for the jury to decide if in fact the intent to commit rape was present.

[2] In his second assignment of error defendant argues the State's evidence failed to show that he acted with intent to rape the prosecutrix. Therefore, the trial court improperly denied his motions to dismiss the charge of second-degree attempted rape.

"In order to convict defendant of an attempt crime, the State must show: (i) an intent to commit the crime and (ii) an overt act done toward the commission of the crime, beyond mere preparation." *State v. Slade*, 81 N.C. App. 303, 307, 343 S.E. 2d 571, 573 (1986); *State v. Powell*, 277 N.C. 672, 178 S.E. 2d 417 (1971). "[T]o carry its burden, it was necessary for the State to present sufficient evidence to permit the jury to find first, that when defendant assaulted the prosecutrix he intended to engage in forcible, nonconsensual intercourse with her and second, that in the ordinary and likely course of events his assaultive acts would result in the commission of a rape." *State v. Rushing*, 61 N.C. App. at 67, 300 S.E. 2d at 449.

We conclude that the State's evidence, as set forth above, after drawing all reasonable inferences in the State's favor, was sufficient to establish both the intent to rape and an overt act toward the commission of rape necessary for a conviction of attempted second-degree rape. For this reason, we hold the trial

court properly dismissed defendant's motions for a directed verdict on the charge of attempted second-degree rape.

**[3]** Finally, defendant contends the trial court committed reversible error by denying his timely request to instruct the jury on misdemeanor breaking or entering.

Misdemeanor breaking or entering is a lesser included offense of N.C.G.S. § 14-51, first-degree burglary. *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27 (1965); *State v. Patton,* 80 N.C. App. 302, 341 S.E. 2d 744 (1986). "The distinction between the two offenses rests on whether the unlawful breaking or entering was done with the intent to commit the felony named in the indictment." *State v. Patton,* 80 N.C. App. at 305, 341 S.E. 2d at 746. "When any evidence presented at trial would permit the jury to convict defendant of the lesser included offense, the trial court must instruct the jury regarding that lesser included offense." *State v. Whitaker,* 316 N.C. 515, 520, 342 S.E. 2d 514, 518 (1986). Failure to give such an instruction, when it is supported by the evidence, constitutes reversible error. *State v. Whitaker,* 316 N.C. 515, 342 S.E. 2d 514; *State v. Thomas and State v. Christmas and State v. King,* 52 N.C. App. 186, 278 S.E. 2d 535 (1981).

Our Court previously addressed the question now before it in *State v. Thomas and State v. Christmas and State v. King,* 52 N.C. App. 186, 278 S.E. 2d 535 and held that:

> where the only evidence of the defendant's intent to commit a felony in the building or dwelling was the fact that the defendant broke and entered a building or dwelling containing personal property, the appellate courts of this State have consistently and correctly held that the trial judge must submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict. . . . However, where there is *some additional evidence of the defendant's intent* to commit the felony named in the indictment in the building or dwelling, such as . . . evidence that the felony was attempted, . . . and *there is no evidence that the defendant broke and entered for some other reason,* then the trial court does not err by failing to submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict.

52 N.C. App. at 196-97, 278 S.E. 2d at 542-43 (emphasis added).
*See State v. Patton*, 80 N.C. App. 302, 341 S.E. 2d 744.

In the present case the prosecutrix testified that defendant, after closing and locking the motel room door, jumped on top of her as she lay in bed and tried to subdue her with threats and force. This testimony supports the conclusion that defendant attempted to rape the prosecutrix and is additional evidence of his intent to commit the felony of rape named in the indictment. In contrast, neither the State nor defendant submitted any evidence from which to infer another reason for defendant's entry into the room. We hold, therefore, that the trial court did not err in failing to submit the lesser included offense of misdemeanor breaking or entering to the jury as a possible verdict for defendant.

In conclusion, this Court finds that defendant received a fair trial free from prejudicial error.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.