STATE OF NORTH CAROLINA v. ROBERT THOMAS LITTLE

No. COA03-38

(Filed 16 March 2004)

## 1. Assault— inflicting serious injury—clerical error

The trial court's judgment for assault inflicting serious bodily injury is remanded for correction of a clerical error to reflect defendant's conviction of assault inflicting serious injury.

## 2. Burglary and Unlawful Breaking or Entering— first-degree burglary—failure to instruct on lesser-included offense—misdemeanor breaking or entering

The trial court did not err by denying defendant's request for a jury instruction on the crime of misdemeanor breaking or entering as a lesser-included offense of first-degree burglary, because: (1) as defendant concedes, the State presented sufficient evidence to convict defendant of first-degree burglary; and (2) defendant's testimony alone is not sufficient to require an instruction of the lesser-included offense when there was no

before-the-fact evidence to support defendant's statement that he did not intend to use the bat on the two victims unless his life was threatened.

**3. Evidence— prior crimes or bad acts—cross-examination**

The trial court did not abuse its discretion in a first-degree burglary, assault with a deadly weapon inflicting serious injury, and assault inflicting serious injury case by allowing the State to cross-examine defendant regarding facts of a prior crime beyond the time and place of conviction and the punishment imposed, or by preventing defendant from cross-examining one of the victims regarding a sentence imposed from a prior conviction, because: (1) even if the State's cross-examination of defendant was impermissible, defendant failed to show that the cross-examination prejudiced him as a result; and (2) defendant failed to prove that his inability to question the victim about the court's prohibition against further contact with a gang prejudiced the result of defendant's trial.

**4. Sentencing— aggravating factors—joined with more than one other person in committing offense and not charged with conspiracy**

The trial court did not err in a first-degree burglary, assault with a deadly weapon inflicting serious injury, and assault inflicting serious injury case by using the N.C.G.S. § 15A-1340.16(d)(2) aggravating factor that defendant joined with more than one other person in committing the offenses and was not charged with committing a conspiracy, because the trial court could have found by the preponderance of the evidence that defendant joined with his father and either defendant's friend or his friend's drug dealer, or both, in the commission of these crimes.

**5. Sentencing— nonstatutory aggravating factors—defendant's lifestyle—defendant's character**

Although defendant contends the trial court's comments to defendant during the sentencing process for first-degree burglary, assault with a deadly weapon inflicting serious injury, and assault inflicting serious injury regarding defendant's lifestyle and his character suggested that the trial court used these factors in addition to the statutory aggravating factor under N.C.G.S. § 15A-1340.16(d)(2) to further increase his sentence, defendant was properly sentenced within the aggravated range because there was a preponderance of evidence in the record that de-

fendant acted with more than one person in the commission of these crimes.

Judge ELMORE concurring in part and dissenting in part.

Appeal by defendant from judgment entered 27 June 2002 by Judge Evelyn W. Hill in Wake County Superior Court. Heard in the Court of Appeals 28 October 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth J. Weese, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant appellant.*

TIMMONS-GOODSON, Judge.

Robert Thomas Little ("defendant") appeals his convictions of first-degree burglary and assault with a deadly weapon inflicting serious injury against Brian Lada ("Lada"), and assault inflicting serious injury against Christopher Lee ("Lee"). For the reasons stated herein, we find no error.

The State's evidence at trial tended to show the following: Lada and Lee lived together in a two-bedroom apartment with Michael Powell ("Powell"). Lada slept in one bedroom, while Lee and Powell shared the second bedroom. Lada, Lee, and Powell worked at a nearby Wal-Mart store with a deaf woman, Karen Smith ("Karen"). Karen provided Lee with Ecstacy pills to sell. When Lee decided to stop selling the drugs, he returned the pills to Karen. Karen testified at trial that Lee did not return all the pills she had given him to sell, nor did he provide her with money to pay for the missing pills. Three days later, Lee and Lada began receiving death threats from an unidentified male.

At approximately 3:30 a.m. on 5 January 2002, defendant and his father appeared at the door of the apartment shared by Lada, Lee and Powell. Defendant and Lada began to strike one another. Lada testified that defendant's father appeared and struck Lada on the head with a baseball bat, cracking the bat in two pieces.

After Lada was struck in the head, he went to Lee and Powell's bedroom for assistance. Defendant entered Lee and Powell's bedroom and struck Lee several times with the bat, telling Lee that he wanted "his money."

Lada left the apartment to seek help from his neighbor, Misty Fuller ("Misty") and her roommate, Sean Peters ("Peters"). Lada, Misty and Peters all returned to Lada's apartment. Both Misty and Peters were threatened by defendant before defendant and his father left the apartment.

Defendant testified at trial that he was concerned for Karen's safety, because her drug supplier had threatened to kill her if she did not obtain the missing money and/or drugs from Lee. Defendant further testified that on the morning of the altercation, he asked his father to go with him to "get some money owed [to him]." Defendant removed a bat from his house and placed it in the trunk of the car he and his father drove to the apartment. Upon arriving at the apartment, defendant concealed the bat in his pants. Defendant testified that he intended to use the bat only if his life was threatened. Defendant further testified that after knocking on the apartment door, Lada invited them inside and they conversed for a few minutes before the fight began. Defendant testified that he intended to assault Lada and Lee.

At trial, defendant testified to a series of past crimes, including a misdemeanor larceny charge. Defendant further testified that he did not break into Lee and Lada's apartment because he "[knew] the severity of what a breaking and entering like that is." On cross-examination, the State asked defendant what he meant by his statement. Defendant admitted to being charged with breaking and entering on a previous occasion, but pled guilty to misdemeanor larceny. The State then questioned defendant over defense counsel's objection about the facts of the misdemeanor larceny case.

Defendant's counsel attempted to cross-examine Lada about the punishment Lada received for a prior misdemeanor assault charge. Judge Hill allowed counsel to question Lada about the punishment generally, but did not allow counsel to question Lada regarding the judgment which prevented Lada from future association with any "past, current or future member of the Shadow Device Crypt Gang." Defendant objected.

The jury found defendant guilty of first-degree burglary, assault with a deadly weapon inflicting serious injury, and assault inflicting serious injury. Judge Hill found as an aggravated factor that defendant joined with his father in committing the offense and was not charged with committing a conspiracy. At the sentencing hearing, defense counsel said "I don't think I can argue with [the State] offer-

ing [this] aggravating factor . . . . Although I don't like it, there's not a whole lot I can say about that." The trial court did not find any mitigating factors and sentenced defendant within the aggravated range. Defendant appeals his conviction and his sentence.

---

Defendant argues on appeal that the trial court erred by (1) failing to instruct the jury on the lesser-included offense when there was sufficient evidence to support the charge; (2) allowing the State to cross-examine defendant regarding the facts of defendant's prior conviction; (3) preventing defendant from cross-examining Lada regarding a sentence Lada received in connection with a prior conviction; and (4) basing defendant's sentence on impermissible aggravating factors.

[1] At the outset, we note that defendant first filed a motion for appropriate relief and then moved for a partial withdrawal of that motion. Both filings are based upon an error appearing on the face of the judgment entered against defendant for assault inflicting serious bodily injury. The State posits, and now defendant agrees, that the mistake here was a clerical error, requiring only that this matter be remanded to the trial court to correct the judgment to reflect defendant's conviction of assault inflicting serious injury. We, therefore, vacate the trial court's judgment for assault inflicting serious bodily injury, and remand this matter for entry of a judgment properly reflecting defendant's conviction of assault inflicting serious injury. *See State v. Lorenzo*, 147 N.C. App. 728, 735, 556 S.E.2d 625, 629 (2001). We proceed, then, to the merits of defendant's appeal.

[2] Defendant first argues that the trial court erred in denying his request for a jury instruction on the crime of misdemeanor breaking or entering, a lesser-included offense of first-degree burglary. We conclude the trial court did not err.

The common-law offense of burglary is committed when a person breaks or enters into the dwelling house or sleeping apartment of another in the nighttime with the intent to commit a felony therein. *State v. Cooper*, 288 N.C. 496, 219 S.E.2d 45 (1975); *State v. Faircloth*, 297 N.C. 388, 255 S.E.2d 366 (1979). A person is guilty of first-degree burglary when the crime is committed while "any person is in the actual occupation of any part of said dwelling house or sleeping apartment at the time of the commission of such crime . . . ." N.C. Gen. Stat. § 14-51 (2003). In the instant case, if defendant did not have the intent to commit a felony inside the apartment, even if he com-

mitted all the other elements of first-degree burglary, defendant would be guilty of misdemeanor breaking or entering, not first-degree burglary. *See Faircloth*, 297 N.C. 388, 255 S.E.2d 366.

Defendant contends that his testimony contained some evidence which would support an instruction by the trial court on the lesser offense of misdemeanor larceny. Defendant directs us to his testimony wherein he asserts that although he purposefully brought the bat into the apartment, and that he intended to assault Lee and Lada therein, he did not intend to use the bat unless his life was threatened.

It is well established that a judge must declare and explain the law arising upon the evidence. N.C. Gen. Stat. § 15A-1232 (2003); *State v. McLean*, 74 N.C. App. 224, 328 S.E.2d 451 (1985). A judge must therefore charge the jury upon a lesser-included offense, even absent a request by counsel, where there is evidence to support it. *State v. Wright*, 304 N.C. 349, 283 S.E.2d 502 (1981). If there is any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense, the judge is obligated to give such an instruction. *Id.* at 351, 283 S.E.2d at 503.

Defendant concedes that the State presented sufficient evidence to convict him of first-degree burglary and that he did assault Lee and Lada therein. We have held that the commission of a felony inside the dwelling house is not positive proof that the defendant had the intent to commit the felony at the time of breaking and entering. *See State v. Thomas and State v. Christmas and State v. King*, 52 N.C. App. 186, 196-97, 278 S.E.2d 535, 542-43 (1981). The presence of any evidence of guilt in the lesser degree is the determinative factor. *State v. Simpson*, 299 N.C. 377, 261 S.E.2d 661 (1980).

Defendant argues that by his testimony alone he has alleged sufficient evidence to allow a reasonable trier of fact to question whether he had the requisite intent for first-degree burglary. Defendant's testimony alone is not sufficient to require an instruction of a lesser-included offense of misdemeanor breaking and entering. *See State v. Williams*, 314 N.C. 337, 333 S.E.2d 708 (1985); *State v. Patton*, 80 N.C. App. 302, 341 S.E.2d 744 (1986).

[W]here the only evidence of the defendant's intent to commit a felony in the building or dwelling was the fact that the defendant broke and entered a building or dwelling containing personal property, the appellate courts of this State have consistently and

correctly held that the trial judge must submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict. . . . However, where there is some additional evidence of the defendant's intent to commit the felony named in the indictment in the building or dwelling, such as evidence that the felony was committed . . . or evidence that the felony was attempted, . . . or . . . evidence that the felony was planned, and there is no evidence that the defendant broke and entered for some other reason, then the trial court does not err by failing to submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict.

*Patton*, 80 N.C. App. at 305-6, 341 S.E.2d at 746-47, *quoting State v. Thomas and State v. Christmas and State v. King*, 52 N.C. App. at 196-97, 278 S.E.2d at 542-43.

In *State v. Singletary*, the defendant was convicted of first-degree burglary when he broke into his wife's apartment and shot her lover. 344 N.C. 95, 472 S.E.2d 895 (1996). The defendant testified that he brought his gun to her apartment at 1:00 a.m. for protection because "if someone was in the apartment, [he] wasn't going to get hurt." *Singletary*, 344 N.C. at 103, 472 S.E.2d at 900. Our Supreme Court held that an "after-the-fact assertion by the defendant that his intention to commit a felony was formed after he broke and entered is not enough to warrant an instruction on the lesser-included offense of misdemeanor breaking or entering unless there is some 'before the fact evidence to which defendant's statements afterwards could lend credence.' " *Id.* at 104, 472 S.E.2d at 900, *quoting State v. Gibbs*, 335 N.C. 1, 53-54, 436 S.E.2d 321, 351 (1993).

In the case *sub judice*, defendant testified that he planned to assault Lee and Lada if they did not give him money and that he planned to use the baseball bat if the altercation threatened his life. Defendant testified that he placed the bat in the trunk of the car with the intent to bring it into the apartment, that he concealed the bat from view, and that the bat was broken during the assault. We conclude that there was no "before-the-fact evidence" to support defendant's statement that he did not intend to use the bat on Lee or Lada. This argument is without merit.

[3] Defendant's second and third arguments assert that the trial court improperly ruled on evidentiary issues regarding cross-examinations of defendant and Lada. Defendant contends that the trial court should not have allowed the State to cross-examine him regarding facts of a

prior crime beyond the time and place of conviction and the punishment imposed. Defendant further contends that the trial court erred by preventing defendant from cross-examining Lada regarding a sentence imposed from a prior conviction.

Whether cross-examination is unfair is generally a matter "in the sole discretion of the trial judge, and his ruling thereon will not be disturbed absent a showing of gross abuse of discretion." *State v. Ruof*, 296 N.C. 623, 633, 252 S.E.2d 720, 726 (1979). The trial judge "sees and hears the witnesses, knows the background of the case, and is in a favorable position to control the proper bounds of cross-examination." *State v. Edwards*, 305 N.C. 378, 381, 289 S.E.2d 360, 362-63 (1982). Since it is in the discretion of the trial judge to determine the limit of legitimate cross-examination, his rulings thereon are not prejudicial error absent a showing that the verdict was improperly influenced by the ruling. *State v. Britt*, 291 N.C. 528, 231 S.E.2d 644 (1977); *Edwards*, 305 N.C. at 381-82, 289 S.E.2d at 362-63.

Rule 609(a) of the North Carolina Rules of Evidence states that the credibility of a witness can be attacked by evidence that the witness was convicted of a felony. Case law has limited the use of prior felony convictions to "the name of the crime and the time, place and punishment for impeachment purposes" during the guilt-innocence phase of a criminal trial, unless the information is introduced "to correct inaccuracies or misleading omissions in defendant's testimony . . . ." *State v. Lynch*, 334 N.C. 402, 410, 412, 432 S.E.2d 349, 353, 354 (1993).

> For example, when the defendant "opens the door" by misstating his criminal record or the facts of the crimes or actions, or when he has used his criminal record to create an inference favorable to himself, the prosecutor is free to cross-examine him about details of those prior crimes or actions.

*Id.*

Defendant argues that the trial court erred when it allowed the State to cross-examine defendant regarding the facts of a misdemeanor larceny conviction. The State argues that defendant "opened the door" to the cross-examination in question. On direct examination, defendant stated that he did not force his way into Lada and Lee's apartment "because [he knows] the severity of what a breaking and entering like that is." On cross-examination, the State questioned defendant regarding said statement and defendant admitted that he

had been previously charged with breaking and entering, but pled guilty to misdemeanor larceny. Defendant then began to explain the facts of the previous charge.

Even if this line of questioning is impermissible, defendant must still prove that he was prejudiced as a result. *See Edwards*, 305 N.C. at 381-82, 289 S.E.2d at 362-63. Defendant testified to numerous convictions and the State produced a witness in addition to Lada and Lee who testified that defendant used the bat against Lee. Misty, Lada and Lee's neighbor, testified that she entered the apartment before defendant and his father left and was threatened by defendant with the bat. Thus, even if the State's cross-examination of defendant was impermissible, defendant has failed to evidence that the cross-examination prejudiced him as a result.

Defendant next argues that he should have been permitted to cross-examine Lada regarding a sentence Lada received from a prior assault conviction. The judgment of the court required Lada to have no contact with "any past, current or future member of the Shadow Device Crypt Gang." The court allowed defense counsel to question defendant regarding the rest of his sentence, but prohibited any reference to the gang. Although we note that *Lynch* permits the cross-examination of a witness about the time, place and punishment of a prior crime, 334 N.C. at 410, 432 S.E.2d at 353, permissive cross-examination remains within the discretion of the trial judge and is not reversible unless defendant can show prejudice as a result. *Edwards*, 305 N.C. at 381-82, 289 S.E.2d at 362-63. Defendant has failed to prove that his inability to question Lada about the court's prohibition against further contact with the gang prejudiced the result of defendant's trial for the reasons stated above. We, therefore, conclude that defendant's second and third arguments also fail.

[4] Defendant's final argument on appeal is that the trial court used impermissible aggravating factors to sentence him. The trial court found that defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy, which is an aggravating factor under N.C. Gen. Stat. § 15A-1340.16(d)(2) (2003).

We note that this issue is not properly before the Court. Defendant did not object to the alleged error at the sentencing hearing. Therefore, he has waived his right to appellate review. N.C.R. App. P. 10(b)(1) (2004). In our discretion, however, we have examined defendant's argument and find that it is without merit.

Under Structured Sentencing, the trial court may find as an aggravating factor that defendant "joined with more than one other person in committing the offense and was not charged with committing a conspiracy." N.C. Gen. Stat. § 15A-1340.16(d)(2). The plain language of this statute requires the participation of defendant and at least two others. *Id.*; *State v. Rogers*, 157 N.C. App. 127, 130, 577 S.E.2d 666, 669 (2003). The State bears the burden of proving by a preponderance of the evidence that the aggravating factor exists. N.C. Gen. Stat. § 15A-1340.16(a). "The trial court's finding of an aggravating factor must be supported by 'sufficient evidence to allow a reasonable judge to find its existence by a preponderance of the evidence.'" *State v. Hughes*, 136 N.C. App. 92, 99, 524 S.E.2d 63, 67 (1993), *quoting State v. Hayes*, 102 N.C. App. 777, 781, 404 S.E.2d 12, 15 (1991). The weight given aggravating factors is within the sound discretion of the sentencing judge and should not be re-evaluated by the appellate courts. *State v. Ahearn*, 307 N.C. 584, 602, 300 S.E.2d 689, 701 (1983).

The trial court heard testimony that defendant sold drugs for Karen and that defendant had previously accompanied Karen to Lada and Lee's apartment to help Karen retrieve the same money defendant attempted to retrieve the night of the attack. Karen and defendant also testified to receiving death threats from Karen's dealer who threatened to kill them if they did not recover the money owed him by Lee. Karen testified that she saw defendant on the phone with her dealer just a few days before defendant attacked Lada and Lee. The trial court could have found by the preponderance of evidence that defendant joined with his father and either Karen or Karen's drug dealer, or both, in the commission of this crime.

[5] Defendant also argues that the trial judge's comments to defendant during the sentencing process regarding his lifestyle and his character suggest that the trial court used these factors, in addition to the statutory aggravating factor above, to further increase his sentence. We disagree. As there is a preponderance of evidence in the record that defendant acted with more than one person in the commission of these crimes, defendant was properly sentenced within the aggravated range.

No error as to defendant's convictions. Vacate the judgment for assault inflicting serious bodily injury, and remand for correction of the clerical error contained therein.

STATE v. LITTLE

[163 N.C. App. 235 (2004)]

Judge WYNN concurs.

Judge ELMORE concurs in part and dissents part.

ELMORE, Judge, concurring in part and dissenting in part.

I agree with the majority's conclusions regarding defendant's first three assignments of error, and accordingly concur with the majority's holding of no error in the guilt-innocence phase of defendant's trial. However, because I conclude that the trial court erred in finding as a statutory aggravating factor that "defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy" pursuant to N.C. Gen. Stat. § 15A-1340.16(d)(2) (2003), I would vacate defendant's sentence and remand to the trial court for re-sentencing from the presumptive range.

The majority correctly states that "the plain language of [N.C. Gen. Stat. § 15A-1340.16(d)(2)] requires the participation of defendant and at least two others" in order to find the existence of an aggravating factor under this statute, and that "[t]he State bears the burden [under N.C. Gen. Stat. § 15A-1340.16(a)] of proving by a preponderance of the evidence that the aggravating factor exists." It is clear from the uncontroverted trial testimony that defendant, accompanied by only one other person, his father, entered the victims' apartment on the night in question and assaulted Lada and Lee. The testimony offered at trial tending to show that defendant sold drugs for Karen and had previously accompanied Karen to the victims' apartment to retrieve money from them, and that defendant and Karen had received death threats from Karen's dealer, gives rise to mere speculation that either Karen, Karen's dealer, or both joined with defendant and his father in the commission of these crimes. Because I find nothing in the record to indicate that a third person was involved in any aspect of the burglary and assault perpetrated by defendant, and joined in by defendant's father, on the night in question, I would vacate defendant's sentence and remand to the trial court for re-sentencing from the presumptive range. See State v. Moses, 154 N.C. App. 332, 340, 572 S.E.2d 223, 229 (2002) (aggravated sentence imposed pursuant to N.C. Gen. Stat. § 15A-1340.16(d)(2) vacated, and remand for re-sentencing appropriate, where no evidence presented at trial of anyone involved in the crimes other than defendant and accomplice).