STATE OF NORTH CAROLINA
v.
DAKOTA RAVON DOSTER
No. COA08-925
Court of Appeals of North Carolina
Filed January 20, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General J. Philip Allen, for the State.
William D. Auman for Defendant-Appellant.
McGEE, Judge.
Dakota Ravon Doster (Defendant) pled guilty to second-degree murder and was sentenced to an aggravated-range term of 175 to 219 months in prison. On appeal, Defendant contends that the trial court erred when it failed to find certain mitigating factors and when it imposed an aggravated-range sentence. We affirm.
Defendant was indicted on 11 February 2008 for second-degree murder. The grand jury also found probable cause to support the aggravating factor that the victim was very young. In Defendant's signed plea agreement, Defendant agreed to plead guilty to second-degree murder and to the existence of the aggravating factor. The transcript of plea provided that sentencing would be in the trialcourt's discretion. The case came on for a plea hearing on 13 March 2008.
At the hearing, Detective Tim Taylor testified that police responded to a shooting call on 6 March 2007. The first officers who arrived found Defendant and Terrell Simmons (Simmons), Defendant's cousin, outside the residence. Defendant and Simmons told the officers that the victim had been shot and was inside the home; police called EMS for the victim. Defendant and Simmons voluntarily went with the officers to the police department.
Detective Taylor interviewed Defendant and Simmons. Simmons told Detective Taylor that he and Defendant had discussed a cover story, but that he decided he could not lie to the police. Simmons told Detective Taylor that Defendant and the victim, fourteen-year-old Terion Frazier (Frazier), had been playing a video game and "trash talking" when Defendant shot Frazier. After talking to Simmons, Detective Taylor spoke to Defendant. Defendant initially told Detective Taylor that Frazier had been shot through an open window. Within a few minutes, however, Defendant admitted to Detective Taylor that he shot Frazier because Frazier was beating him at a video game and taunting him. Defendant shot Frazier in the chest, and then tried to use a towel to stop Frazier's bleeding. Defendant then went behind the house and threw the gun away in the woods. Defendant told Detective Taylor that he and Frazier were friends and that he did not mean to shoot Frazier.
During sentencing, Defendant requested that the trial court find several statutory mitigating factors, including: (1) that his relationship with the victim was an extenuating circumstance, (2) that Defendant voluntarily acknowledged his wrongdoing, (3) that Defendant accepted responsibility for his wrongdoing, and (4) that Defendant had a support system in the community. Defendant also asked the trial court to find as a non-statutory mitigating factor that Defendant felt remorse. Consistent with Defendant's plea agreement, the State requested that the trial court find the statutory aggravating factor that the victim was very young.
As mitigating factors, the trial court found that Defendant voluntarily acknowledged wrongdoing at an early stage in the process and accepted responsibility. The trial court also found as an aggravating factor that the victim was very young, and sentenced Defendant in the aggravated range.
We first address Defendant's argument that the trial court abused its discretion when it did not find two of the mitigating factors Defendant requested during sentencing: (1) that his relationship with the victim was an extenuating circumstance and (2) that he felt remorse. We disagree.
"[T]he offender bears the burden of proving by a preponderance of the evidence that a mitigating factor exists." N.C. Gen. Stat. § 15A-1340.16(a) (2007). "A trial judge is given `wide latitude in determining the existence of . . . mitigating factors,' and the trial court's failure to find a mitigating factor is error only when `no other reasonable inferences can be drawn from the evidence.'" State v. Godley, 140 N.C. App. 15, 27, 535 S.E.2d 566, 575 (2000) (quoting State v. Canty, 321 N.C. 520, 524, 364 S.E.2d 410, 413 (1988)), disc. review denied, 353 N.C. 387, 547 S.E.2d 25 (2001). Therefore, a defendant who argues the trial court failed to find a mitigating factor "is asking the court to conclude that `the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence `is manifest as a matter of law.'" State v. Jones, 309 N.C. 214, 219-20, 306 S.E.2d 451, 455 (1983) (quoting North Carolina National Bank v. Burnette, 297 N.C. 524, 536-37, 256 S.E. 2d 388, 395 (1979)).
We note that the trial court did find two of the mitigating factors requested by Defendant: (1) that Defendant was cooperative with police and (2) that Defendant made a statement to police early in the investigation, in spite of the fact that Defendant initially told police that the victim was shot through an open window. The trial court's finding of those two mitigating factors is evidence that it exercised its discretion in considering Defendant's evidence of mitigating factors.
Further, Defendant's evidence that he and the victim were friends did not necessarily make their relationship "extenuating." N.C. Gen. Stat. § 15A-1340.16(e)(8) (2008). "An extenuating relationship would exist when the victim was in part responsible for the offense." State v. Pelham, 164 N.C. App. 70, 82, 595 S.E.2d 197, 205, appeal dismissed, disc. review denied, 359 N.C. 195, 608 S.E.2d 63 (2004). In this case, even assuming that the victim was taunting Defendant while they played a video game, the trial court did not abuse its discretion by declining to find that relationship extenuating. In fact, Defendant could be viewed less favorably for having shot his friend without strong provocation.
Finally, although Defendant did apologize to the victim's family and tell them that he was sorry for his "wrongdoing," the trial court did not abuse its discretion by failing to find the non-statutory mitigating factor that Defendant showed remorse. The trial court was in the best position to evaluate Defendant's credibility as a witness. State v. Garner, 136 N.C. App. 1, 14, 523 S.E.2d 689, 698 (1999), appeal dismissed, cert. denied, 351 N.C. 477, 543 S.E.2d 500 (2000). Given the wide latitude allowed to the trial court in judging both the credibility of witnesses and the mitigating value of evidence, the trial court did not abuse its discretion here.
We next address Defendant's argument that the trial court abused its discretion when it imposed a sentence in the aggravated range. We disagree.
"The weight given aggravating factors is within the sound discretion of the sentencing judge and should not be re-evaluated by the appellate courts." State v. Little, 163 N.C. App. 235, 244, 593 S.E.2d 113, 119 (2004), appeal dismissed, 359 N.C. 855, 619 S.E.2d 857 (2005). The trial court, in its discretion, may "find that one aggravating factor outweighs several mitigating factors[.]" State v. Norman, 151 N.C. App. 100, 104, 564 S.E.2d 630, 633 (2002).
In his brief, Defendant acknowledges that the trial court had discretion to sentence him in the aggravated range based on his stipulation to the existence of an aggravating factor. Defendant repeats his argument that the trial court failed to find some of the mitigating factors he requested, and claims that the victim's family was more interested in forgiveness than punishment. As we have already discussed, the trial court did not err in refusing to find all of the mitigating factors Defendant requested, and the trial court was well within its discretion in imposing an aggravated-range sentence based on the aggravating factor to which Defendant stipulated. Defendant's argument, therefore, is without merit. We find no error.
Affirmed.
Judges HUNTER and JACKSON concur.
Reported per Rule 30(e).